**Dewey W. CARSON, Petitioner–Appellant,**

**v.**

**Luella BURKE, Respondent–Appellee.**

**No. 97–1465.**

United States Court of Appeals, Sixth Circuit.

Submitted April 29, 1999.

Decided May 28, 1999.

Melvin Houston (briefed), Detroit, MI; Dewey W. Carson (briefed), Freeland, MI, for Petitioner–Appellant.

Brad H. Beaver (briefed), Office of the Attorney General, Habeas Corpus Division, Lansing, MI, for Respondent–Appellee.

Before: ENGEL, NELSON, and NORRIS, Circuit Judges.

ENGEL, Circuit Judge.

Petitioner Dewey W. Carson appeals from the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

### FACTS

On March 13, 1980, Appellant Carson was charged with two counts of criminal sexual conduct in the third degree. At his initial arraignment on April 7, 1980, Carson expressed his dissatisfaction with his court-appointed counsel, Mr. Williams, because of disagreements in trial strategy and other matters of law. In response to Carson's concerns, the court postponed the arraignment for one week. Subsequently, Mr. Williams moved to withdraw as counsel.

On April 14, 1980, Carson returned to court and was arraigned on the charges. At the conclusion of the arraignment, the district court denied Williams' motion to withdraw, holding that a disagreement as to trial tactics was inadequate grounds to allow an attorney to withdraw.

On August 12, 1980, one day before the start of trial and during the hearing of various pretrial motions, Carson again expressed his dissatisfaction with Mr. Williams. It was made clear at that point that Williams wanted to withdraw and Carson did not want to be represented by Mr. Williams. The judge again refused to excuse the attorney and required that he remain present during the proceedings to act in an advisory capacity to Carson.

Thus, Carson represented himself at the bench trial.

On August 15, 1980, the trial judge, acting as the trier of fact, found Carson guilty on both counts. A few days later, Carson was tried on the supplemental information of being a fourth felony offender before the same trial judge. At that proceeding, Williams actively represented Carson, apparently with no problems. Nevertheless, the court found Carson guilty of being a felony offender. On November 3, 1980, the court sentenced Carson to serve two concurrent terms of 40 to 120 years in prison. Following several appeals, remands, and retrials, Carson's convictions were upheld. *See People v. Carson,* No. 99067 (Mich.Ct.App., May 19, 1988).

On April 11, 1996, nearly eight (8) years after his convictions were upheld, Carson filed the instant motion for habeas corpus relief pursuant to 28 U.S.C. § 2254, requesting that his convictions for third degree criminal sexual conduct be set aside or vacated.[1] The district court denied the petition on three bases: (1) the trial court did not prevent Carson from receiving effective assistance of counsel; (2) alternatively, the petition should be dismissed based on the concurrent sentence doctrine; and (3) alternatively, the petition should be dismissed based on laches per the court's *sua sponte* application of that rule.

After the district court approved Carson's application for a certificate of appealability, we appointed counsel to assist in the review of the case. Through counsel, and also through *pro se* briefs, Carson makes several arguments on appeal. For reasons more fully explained below, we are of the view that the district court was correct in dismissing Carson's petition based upon the doctrine of laches. Our disposition on that matter makes it unnecessary for us to address any other issues raised in this appeal. *See Small v. Endi-*

---

1. The government concedes that Carson exhausted his state-court remedies.

436

*cott,* 998 F.2d 411, 414 (7th Cir.1993) (noting that appellate court may affirm on any basis supported in the record).

### ANALYSIS

■ In reviewing a district court's decision to grant or to deny a petition under § 2254, we review all questions of fact under a "clearly erroneous" standard, and we consider all questions of law *de novo. Lucas v. O'Dea,* 169 F.3d 1028, 1031 (6th Cir.1999). Whether the district court erred in dismissing this case based on the doctrine of laches involves mixed questions of law and fact, which are generally reviewed *de novo. See Rickman v. Bell,* 131 F.3d 1150, 1153 (6th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1827, 140 L.Ed.2d 962 (1998).

■ The district court below found that the doctrine of laches barred Carson's petition because the petition was filed "sixteen years after his conviction, thirteen years after the Michigan Supreme Court denied leave to appeal his claim, and over nine years after his final resentencing." The court relied on the following passage from *Spalding v. Aiken,* 460 U.S. 1093, 1094, 1096, 103 S.Ct. 1795, 76 L.Ed.2d 361 (1983) (emphasis added), in support:

> Relief on claims presented many years after conviction should be limited to cases in which the petitioner can demonstrate a miscarriage of justice or a colorable claim of innocence....
>
> *The privileges of the writ of habeas corpus are not unlimited. Rather, the doctrine of laches should apply to habeas actions as it applies to other actions for relief....*
>
> Claims presented by way of habeas corpus petitions many years after conviction impose especially heavy burdens on the prison system, on society, and on the administration of justice.

The court took judicial notice that the trial judge in the underlying case is deceased, the prosecutor who tried the case has left public service, and the defense attorney's location is unknown. From these undisputed facts, the court concluded that Carson's delay in bringing this petition had prejudiced the government, and that Carson has not established that a miscarriage of justice occurred in his case or that he is innocent in fact.

Carson's main argument is that the district court first raised this issue in its opinion and never gave him an opportunity to rebut its conclusions that the delay prejudiced the government or that such prejudice would not have been avoided had the petition been filed earlier. Carson also claims that the issue should have been deemed waived by the government because of its failure to raise it in a timely manner, citing *U.S. v. Sioux Nation,* 448 U.S. 371, 100 S.Ct. 2716, 65 L.Ed.2d 844 (1980), and that generally a district court should raise issues on its own initiative only if they are jurisdictional in nature, citing *Granberry v. Greer,* 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987).

■ The government acknowledges that this court has held that a habeas petitioner generally should be given the opportunity to meet or rebut the prejudice to the government when the government raises a claim of laches. *See Davis v. Adult Parole Auth.,* 610 F.2d 410, 414 (6th Cir.1979). It argues, however, that such a conclusion is at odds with other areas of general habeas law which allow a district court to raise an issue on its own motion and dispose of the case on those grounds. For example, a court may raise the issue of procedural default on its own motion. *See, e.g., Magouirk v. Phillips,* 144 F.3d 348, 358 (5th Cir.1998). Furthermore, the government argues, Rule 4 of the Rules governing § 2254 cases allows the district court to summarily dismiss a habeas petition on its own motion "[i]f it plainly appears from the face of the petition any exhibits annexed to it that the petitioner is not entitled to relief in the district court...." Rule 4 dismissals are not limited to petitions that raise legally frivolous claims, but also extend to petitions contain-

ing factual allegations that are palpably incredible or false. *See Small,* 998 F.2d at 414. Lastly, the government claims that Carson never attempted to rebut the appearance that the state was prejudiced by the delay here or in a motion for relief from judgment under Fed.R.Civ.P. 60(b).

According to *Spalding v. Aiken, supra,* the doctrine of laches does, indeed, apply to habeas corpus actions. Under the circumstances of this case, where the petition was filed several years after the underlying trial and the government is obviously prejudiced by the passing or unavailability of key players, the doctrine of laches justifiably operates to preclude the district court from considering the petition. Ordinarily, the fact that Carson never had an opportunity to rebut a claim of prejudice would be disturbing. However, we are persuaded that such an opportunity would have been futile in light of the length of time which had expired before the petition was filed, the undisputed facts of which the district court took judicial notice, and the fact that Carson has failed to suggest any facts to the court that would mitigate a finding of prejudice under these circumstances. Thus, we find that the district court did not err in dismissing this petition *sua sponte. See Small,* 998 F.2d at 414 (noting that, under Rule 4 of the Rules Governing Section 2254 Cases, district court can summarily dismiss petition without even requiring a response from the government if the petition and exhibits plainly show that the petitioner is not entitled to relief). Further, from our examination of the record as a whole, we are bound to note the absence of any miscarriage of justice or even a colorable claim that petitioner was innocent of the charges of which he was convicted.

Accordingly, we affirm the district court's denial of Carson's petition.