Michael WILLIAMS, Petitioner–
Appellant,

v.

Gerald HOFBAUER, Respondent–
Appellee.

No. 00–1526.

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2001.

Before DAUGHTREY and GILMAN,
Circuit Judges; HEYBURN, District
Judge.*

---

* The Honorable John G. Heyburn II, United States District Judge for the Western District

### ORDER

Michael Williams, a/k/a Michael Rimson, appeals from a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1990, a Michigan jury convicted Williams of felony murder and felony firearm and the trial court sentenced him to life imprisonment without parole. The Michigan Court of Appeals subsequently vacated Williams's felony murder conviction and remanded the case for Williams to be re-sentenced for second-degree murder or for the prosecution to conduct a new trial. On remand, the prosecution elected to not retry Williams and the trial court re-sentenced him to 22 to 40 years of imprisonment on the second-degree murder conviction and two years of imprisonment for the felony firearm conviction.

After unsuccessfully pursuing further state court review of his convictions, Williams filed his § 2254 habeas petition, alleging that: 1) the trial court improperly refused to instruct the jury on the lesser included offense of statutory manslaughter; 2) the trial court improperly instructed the jury on the "aggressor" exception to self-defense; 3) the trial court should have severed his trial from his codefendant's trial; and 4) his trial counsel rendered ineffective assistance by not filing a motion to suppress Williams's self-incriminating statement and by not moving to suppress an in-court identification made at the preliminary examination. The district court determined that Williams's claims were without merit and dismissed the petition. The court did grant Williams a cer-

tificate of appealability for all of his claims. Williams has filed a timely appeal.

We initially note that Williams does not reassert on appeal his claim concerning severance of his trial; therefore, the issue is considered abandoned and not reviewable. *Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998).

Upon review, we conclude that the district court properly dismissed Williams's habeas petition. This court renders de novo review of a district court's dismissal of a § 2254 petition, but reviews the court's factual findings for clear error. *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir.1999). The district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: 1) was contrary to, or involved an unreasonable application of, clearly established federal law; or 2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case. *Id.* An unreasonable application of federal law is different from an incorrect application of federal law and a feder-

of Kentucky, sitting by designation.

al habeas court may not issue the writ simply because that court concludes that the state court applied clearly established federal law erroneously or incorrectly. *Id.* at 1522.

 Williams's argument that the trial court should have instructed on a lesser included offense is without merit. Jury instructions involving alleged errors of state law can not serve as the basis for habeas relief unless they so infuse the trial with unfairness as to deny due process of law. *Estelle v. McGuire,* 502 U.S. 62, 75, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Sanders v. Freeman,* 221 F.3d 846, 860 (6th Cir.2000), *cert. denied* 531 U.S. 1014, 121 S.Ct. 571, 148 L.Ed.2d 489. A jury instruction on a lesser included offense is required under the Due Process Clause only when the evidence would warrant a finding of guilt on the lesser included offense, and an acquittal on the greater offense. *United States v. Levy,* 904 F.2d 1026, 1031 (6th Cir.1990). A claim for failure to so instruct in a noncapital case is reviewable in a habeas corpus action only if the failure results in a miscarriage of justice or constitutes an omission inconsistent with the rudimentary demands of fair procedure. *Bagby v. Sowders,* 894 F.2d 792, 797 (6th Cir.1990) (plurality opinion) (en banc). Williams has not demonstrated that the trial court's failure to instruct on statutory manslaughter resulted in a miscarriage of justice. *Id.*

 Williams next argues that the trial court improperly instructed the jury on the "aggressor" exception to self-defense. At trial, testimony was presented that Williams and his codefendant entered an apartment where the victim and an accomplice were selling crack cocaine. Williams and his codefendant were trying to retrieve money owed by the victim. When they entered the apartment, the victim's accomplice began to draw a knife, but dropped it after Williams pointed a gun at him. When the victim then attempted to flee the apartment, Williams shot and killed him. At trial, Williams acknowledged shooting the victim, but argued that he thought the victim was attacking him and he acted in self-defense. In light of this argument, the trial court instructed the jury on the "aggressor" exception to self-defense. Although Williams now argues that this instruction was improper, the Michigan Court of Appeals concluded that evidence existed to support the instruction and this determination is not an unreasonable application of constitutional law. *Williams,* 120 S.Ct. at 1522–23.

 Lastly, the district court properly concluded that Williams's ineffective assistance of counsel claims were without merit. To establish ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient and that the deficient performance so prejudiced the defense as to render the trial unfair and the result unreliable. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The reviewing court's scrutiny of counsel's performance is highly deferential, and counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *McQueen v. Scroggy,* 99 F.3d 1302, 1311 (6th Cir.1996). Trial counsel's tactical decisions are particularly difficult to attack, and a defendant's challenge to such decisions must overcome a presumption that the challenged action might be considered sound trial strategy. *Id.* To satisfy the prejudice prong of the *Strickland* test, the petitioner must show that a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* The habeas court must focus on whether counsel's errors undermined the

reliability of and confidence in the result. *Id.* Williams has not established that he was prejudiced by any allegedly deficient performance of his counsel.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.