**Shameka LAYTON, Petitioner–Appellant,**

v.

**Joan YUKINS, Warden, Respondent–Appellee.**

**No. 00–1931.**

United States Court of Appeals, Sixth Circuit.

March 19, 2001.

Before KEITH, NORRIS, and DAUGHTREY, Circuit Judges.

## ORDER

Shameka Layton appeals a district court judgment that denied her petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Following a jury trial in the Oakland County, Michigan, Circuit Court in 1996, Layton was convicted of first degree murder, armed robbery, and two counts of possession of a firearm during the commission of a felony. Layton initially was sentenced to concurrent terms of life imprisonment without the possibility of parole and forty to sixty years of imprisonment, plus two consecutive terms of two years of imprisonment, respectively. However, the Michigan Court of Appeals vacated Layton's armed robbery conviction and one of her firearm convictions and the associated sentences on double jeopardy grounds, but affirmed her murder conviction and remaining firearm conviction. *See People v. Layton,* No. 96–143717–FC (Mich.Ct.App. Dec. 9, 1997) (unpublished). The Michigan Supreme Court denied leave to appeal.

Thereafter, Layton filed her federal habeas corpus petition asserting two claims for relief: (1) that insufficient evidence supports her first degree murder conviction; and (2) that she was denied due process when the trial court instructed the jury at the beginning of trial that replaying a witness's testimony was precluded. After the state filed an answer in opposition to the petition, the magistrate judge recommended that the petition be denied as without merit. Layton filed objections, but the district court adopted the magistrate judge's recommendation and denied the petition. Layton filed a timely notice of appeal, and the district court granted her a certificate of appealability with respect to both of her claims for habeas corpus relief.

On appeal, Layton essentially reiterates her claims for habeas corpus relief. The state responds that the district court properly rejected Layton's claims. Upon de novo review, *see Carson v. Burke,* 178 F.3d 434, 436 (6th Cir.1999), we affirm the judgment for the reasons stated in the magistrate judge's report and recommendation filed May 12, 2000, and in the district court's opinion filed July 10, 2000. First, the state court decision rejecting Layton's sufficiency of the evidence claim was not contrary to or an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts in light of the evidence

presented. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). Viewing the evidence in the light most favorable to the prosecution, Layton participated in an attempted armed robbery and, at a minimum, acted with a wanton and willful disregard of the likelihood that her behavior could cause death or great bodily harm. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Finally, the district court correctly rejected as plainly meritless Layton's claim that she was denied due process when the trial court instructed the jury at the beginning of trial that it would not replay a witness's testimony.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.