John A. MARANIAN, Petitioner–Appellant,

v.

Andrew JACKSON, Warden, Respondent–Appellee.

No. 99–2017.

United States Court of Appeals, Sixth Circuit.

June 11, 2001.

**312**

Before BATCHELDER and MOORE, Circuit Judges; BERTELSMAN, District Judge.[*]

John Maranian appeals from a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule

34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, a Michigan jury convicted Maranian of two counts of assault with intent to murder and one count of felony firearm. The trial court sentenced him to life imprisonment. In his § 2254 petition, Maranian alleged that: 1) he was denied due process when the trial court improperly admitted photo identifications that were illegally conducted and impermissibly suggestive; 2) the trial court improperly permitted Maranian to represent himself at trial without establishing that he intelligently waived his right to counsel; 3) the trial court improperly failed to suppress evidence seized after his arrest and a statement he made to a police officer; 4) the trial court improperly denied his requested instruction on identification; 5) the trial court erroneously instructed the jury on the elements of assault with intent to murder; 6) the prosecutor improperly commented on Maranian's failure to testify; 7) the trial court was biased against Maranian; 8) the trial court's sentence was disproportionate to his crimes; 9) Maranian was denied his right to appeal; and 10) Maranian was denied due process and a fair trial by the cumulative effect of these errors. The district court concluded that Maranian's claims were without merit and dismissed the petition. The district court did grant Maranian a certificate of appealability for the following issues: 1) whether a photo display shown to a victim in the hospital was impermissibly suggestive; and 2) whether the trial court should have suppressed the statement he made to the police. This court also granted Maranian a certificate of appealability for the follow-

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

ing issue: 3) whether the trial court properly permitted Maranian to represent himself at trial.

Upon review, we conclude that the district court properly dismissed Maranian's habeas petition. This court reviews de novo a district court's dismissal of a § 2254 petition, but reviews the court's factual findings for clear error. *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir.1999). The district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: 1) was contrary to, or involved an unreasonable application of, clearly established federal law; or 2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case. *Id.* An unreasonable application of federal law is different from an incorrect application of federal law and a federal habeas court may not issue the writ simply because that court concludes that the state court applied clearly established federal law erroneously or incorrectly. *Id.* at 410–12.

Maranian's argument that an impermissibly suggestive photo display was shown to a victim is without merit. The Due Process Clause prohibits the use of an identification which is impermissibly suggestive under the totality of the circumstances and which presents an unacceptable risk of irreparable misidentification. *Carter v. Bell,* 218 F.3d 581, 605 (6th Cir. 2000). The court ultimately looks to the reliability of the identification in determining its admissibility; if the identification is reliable, it will be admissible even if the confrontation procedure was suggestive. *Id.* The court considers the following factors in evaluating reliability: 1) the opportunity of the witness to view the defendant at the initial observation; 2) the witness's degree of attention; 3) the accuracy of the witness's prior description of the defendant; 4) the level of certainty shown by the witness at the pretrial identification; and 5) the length of time between the initial observation and the identification. *Id.* The state courts concluded that the photo display at issue was not impermissibly suggestive and Maranian has not demonstrated that this conclusion is an unreasonable application of federal constitutional law to the facts of his case. *Williams,* 529 U.S. at 413.

Maranian's argument that the trial court should have suppressed the statement he made to a police officer is without merit. A suspect under custodial interrogation must be given notice of his Fifth Amendment right against self-incrimination, *Miranda v. Arizona,* 384 U.S. 436, 478–79, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *United States v. Crossley,* 224 F.3d 847, 861 (6th Cir.2000), and any incriminating statements obtained in violation of *Miranda* may not be admitted and used against the defendant at trial. *Crossley,* 224 F.3d at 861. However, the *Miranda* rule is limited to custodial interrogations, which is questioning by a law enforcement officer after a person has been taken into custody or otherwise deprived of his freedom of action in a significant way. *Id.* In

evaluating whether a defendant was in custodial interrogation, the court examines the totality of the circumstances to determine how a reasonable man in the suspect's position would have understood his situation. *Id.* The ultimate inquiry is whether a formal arrest occurred or if there was a restraint on freedom of movement of the degree associated with a formal arrest. *Combs v. Coyle*, 205 F.3d 269, 284 (6th Cir.), *cert. denied*, —— U.S. ——, 121 S.Ct. 623, 148 L.Ed.2d 533 (2000). The Michigan Court of Appeals concluded that Maranian was not under arrest during the time of the questioning and Maranian has not demonstrated that the state appellate court's determination was an unreasonable application of federal constitutional law to the facts of his case. *Williams*, 529 U.S. at 413.

 Maranian's argument that he did not knowingly and voluntarily waive his right to counsel is without merit. A defendant's waiver of counsel must be knowing and voluntary. *Godinez v. Moran*, 509 U.S. 389, 396, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993); *Gall v. Parker*, 231 F.3d 265, 284 (6th Cir.2000). The trial court should ensure that the defendant actually understands the significance and consequences of his decision to represent himself and that his decision was not coerced, *Gall*, 231 F.3d at 285–86, and the court must warn the defendant of the dangers and disadvantages of self-representation. *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Gall*, 231 F.3d at 286. When a defendant in a criminal case acquiesces in a trial without counsel that results in his conviction, he has the burden of proof in his habeas proceeding to establish that he did not competently and intelligently waive his constitutional right to the assistance of counsel. *Johnson v. Zerbst*, 304 U.S. 458, 468–69, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Maranian has failed to meet his burden of establishing that he did not competently and voluntarily waive his right to counsel.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.