**Gregory WINES, Petitioner–Appellant,**

v.

**Pamela WITHROW, Respondent– Appellee.**

No. 00–2217.

United States Court of Appeals, Sixth Circuit.

Sept. 28, 2001.

Before SILER and CLAY, Circuit Judges; GRAHAM, District Judge.*

Gregory Wines appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, a Michigan jury convicted Wines of first degree felony murder, kidnaping, and armed robbery, and the trial court sentenced him to life imprisonment without the possibility of parole. In his § 2254 petition, Wines alleged that: 1) the prosecutor violated his due process rights by failing to disclose the plea bargain given to a witness in exchange for his testimony; and 2) his rights under the Confrontation Clause were violated because he could not effectively cross-examine this witness without knowledge of the plea bargain. Over Wines's objections, the district court adopted the magistrate judge's report and recommendation, concluded that Wines's claims were without merit, and dismissed the petition. The district court did grant Wines a certificate of appealability for his due process claim. Wines has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Wines's habeas petition. This court reviews de novo a district court's dismissal of a § 2254 petition, but reviews the court's factual

---

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

findings for clear error. *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir.1999). The district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: 1) was contrary to, or involved an unreasonable application of, clearly established federal law; or 2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d).

Wines's argument that the prosecutor violated his due process rights by failing to disclose a plea bargain given to a witness is without merit. The evidence underlying Wines's convictions reveals that he and a codefendant committed a carjacking, in which they shot and killed the driver of the car. While he was under arrest for this crime, Wines was housed in a cell adjoining Louis Alexander. Alexander subsequently testified at trial that Wines had confessed to him concerning his involvement in the carjacking and murder. Wines's counsel later learned that the prosecutor offered to recommend a reduced sentence for Alexander on pending charges in exchange for his testimony. It is undisputed that the prosecutor did not advise Wines's counsel of this agreement prior to trial.

Wines argues that the prosecutor's failure to inform his counsel of the plea agreement violated his due process rights. In state criminal proceedings, the prosecution is obligated under the Due Process Clause to disclose evidence that is favorable to the accused and material to his guilt or punishment. *Pennsylvania v. Ritchie,* 480 U.S. 39, 57, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987); *McMeans v. Brigano,* 228 F.3d 674, 683–84 (6th Cir.2000), *cert. denied,* — U.S. —, 121 S.Ct. 1487, 149 L.Ed.2d 374 (2001). The evidence is material if a reasonable probability exists that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Cone v. Bell,* 243 F.3d 961, 968 (6th Cir. 2001); *McMeans,* 228 F.3d at 684. If no reasonable doubt exists about the defendant's guilt regardless of whether the additional evidence is considered, no justification exists for a new trial. *United States v. Agurs,* 427 U.S. 97, 112–13, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

The evidence of Alexander's plea bargain ultimately was not material to Wines's convictions. The Michigan Court of Appeals determined that, while the prosecution violated its obligation to provide Wines with all required evidence, the failure to disclose the evidence was harmless error because it did not affect the outcome of the trial. In addition to his confession to Alexander, Wines also confessed to several police officers and the girlfriend of his codefendant, all of whom testified at trial. Indeed, in an effort to establish a defense of duress, Wines also testified about his involvement in the carjacking and murder. In light of the cumulative nature of Alexander's testimony and the overwhelming evidence of Wines's guilt, the Michigan Court of Appeals's conclusion concerning Wines's due process claim was not an unreasonable application of constitutional law. *Williams v. Taylor,* 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.