Bethel HENLEY, Petitioner–Appellant,

v.

Jimmy STEGALL, Warden,
Respondent–Appellee.

No. 01–1230.

United States Court of Appeals,
Sixth Circuit.

Feb. 1, 2002.

Before MERRITT, BOGGS, and MOORE, Circuit Judges.

## ORDER

Bethel Henley appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, a Michigan jury convicted Henley of second-degree murder and felony firearm, and the trial court sentenced Henley to 25 to 52 years of imprisonment. In 2000, Henley filed his § 2254 habeas petition, alleging that: 1) the trial court erred by not instructing the jury that his state of mind could be considered in determining whether he was provoked to commit the crime; 2) the trial court improperly excluded evidence of the decedent's intoxicated state; and 3) his trial and appellate counsel rendered ineffective assistance. Over Henley's objections, the district court adopted the magistrate judge's report and recommendation, concluded that Henley's claims were without merit, and dismissed the petition. The court did grant Henley a certificate of appealability for all of his claims. In this timely appeal, Henley requests the appointment of counsel.

Upon review, we conclude that the district court properly dismissed Henley's habeas petition. This court reviews de novo a district court's dismissal of a § 2254 petition, but reviews the court's factual findings for clear error. *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999). The district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: 1) was contrary to, or involved an unreasonable application of, clearly established federal law; or 2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d).

We affirm the judgment for different reasons than those relied upon by the district court. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Although the district court dismissed Henley's claims on the merits, a review of the record reveals that he procedurally defaulted review of his claims in state court. A petitioner procedurally defaults his claims for federal habeas relief if the petitioner has not first presented those claims to the state courts in accordance with the state's procedural rules. *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir.2000). In order for this rule to apply, the last state court rendering a judgment in the case must have based its judgment on the procedural default. *Id.* If a petitioner procedurally defaults a claim in state court, the procedural default carries over to federal court and precludes federal habeas review of that claim. *Id.*

In this case, Henley first raised his § 2254 claims in a state post-conviction motion, which the trial court denied on the

merits. The Michigan Court of Appeals and the Michigan Supreme Court subsequently denied leave to appeal because Henley had not established "entitlement to relief under MCR 6.508(D)." Rule 6.508(D) is a state procedural default rule which provides, in part, that the Michigan courts will not grant post-conviction relief for claims that could have been raised on direct appeal, unless the defendant establishes cause and prejudice to excuse the default. *Simpson,* 238 F.3d at 406 n. 1. The Michigan Supreme Court's reliance on Rule 6.508(D) constitutes a denial of Henley's claims on the basis of a state procedural bar and thereby prevents federal habeas review. *Id.* at 407. Despite this procedural default, Henley can still obtain federal review of his claims if he can demonstrate cause for the default and actual prejudice arising from the alleged constitutional violation, or show that he is actually innocent of his crimes. *Id.* at 406.

Henley has not demonstrated cause for his procedural default. He argues that cause exists because his appellate counsel rendered ineffective assistance by not raising the claim during his direct appeal. Attorney error may constitute cause if it rises to the level of constitutionally ineffective assistance of counsel. *Cone v. Bell,* 243 F.3d 961, 975 (6th Cir.), *cert. granted,* —— U.S. ——, 122 S.Ct. 663, 151 L.Ed.2d 578 (2001). In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermined the reliability of the defendant's convictions. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McMeans v. Brigano,* 228 F.3d 674, 682 (6th Cir.2000), *cert. denied,* 532 U.S. 958, 121 S.Ct. 1487, 149 L.Ed.2d 374 (2001). Counsel's strategic choices, while not necessarily those a federal judge might make in hindsight, do not rise to the level of a Sixth Amendment violation, *Jones v. Barnes,* 463 U.S. 745, 750–54, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *McMeans,* 228 F.3d at 682, and counsel need not raise every conceivable colorable claim on appeal in order to fulfill his duty to his client. *Seymour v. Walker,* 224 F.3d 542, 551 (6th Cir.2000), *cert. denied,* 532 U.S. 989, 121 S.Ct. 1643, 149 L.Ed.2d 502 (2001).

We conclude that Henley has not established that his appellate counsel rendered constitutionally ineffective assistance. Since Henley has failed to establish cause to excuse a procedural default, this court does not need to address the issue of prejudice. *Simpson,* 238 F.3d at 409. Further, Henley has not demonstrated that he is actually innocent of his crimes.

Accordingly, this court denies Henley's request for counsel and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.