**Robert Earl YOUNG, Petitioner–Appellant,**

v.

**Pamela WITHROW, Respondent–Appellee.**

No. 01–1327.

United States Court of Appeals, Sixth Circuit.

April 2, 2002.

Before BATCHELDER and CLAY, Circuit Judges; and ALDRICH, District Judge.*

### ORDER

Robert Earl Young, a Michigan prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Young is serving a term of nonparolable life, consecutively to a five-year term, imposed by the Detroit Recorder's Court on March 28, 1999, after a jury convicted Young of first-degree murder and felony-firearm. Young's convictions and sentences were affirmed on direct appeal in an unpublished opinion issued on January 10, 1997. By order entered November 7, 1997, the Michigan Supreme Court denied Young's application for leave to appeal thereto.

Thereafter, Young filed the instant petition for a writ of habeas corpus raising the following eight claims:

1. There is reversible error where the prosecutor introduces evidence which clearly communicates to the jury that the police showed a mug shot photograph of defendant to a witness and thus prejudiced defendant by injecting evidence that defendant had some prior unspecified arrest or conviction.

2. There was insufficient evidence to support a conviction of first-degree premeditated murder.

3. The trial court committed reversible error by denying defendant's motion for a directed verdict and allowing the case to go forward on the charge of first-degree premeditated murder.

4. There is reversible error where the prosecutor engages in impermissible conduct, both in the questioning of witnesses and in argument by shifting the burden of proof, giving unsworn non-record testimony and denigrating the defense.

5. There is reversible error where the trial court erroneously admits hearsay statements to improperly bolster the credibility of a crucial witness.

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

6. The trial court committed reversible error by giving a preliminary instruction which deprived the jury of knowing that they were entitled to have any testimony reread if they so chose.

7. The trial court erred by refusing to instruct on manslaughter.

8. Defendant Robert Young's conviction should be reversed where the cumulative effect of multiple errors denied him a fair trial under both the state and federal constitutions.

The matter was referred to a magistrate judge who issued a report recommending that the habeas petition be denied on the merits. The district court adopted the magistrate judge's report and recommendation over Young's objections. The court also granted Young a certificate of appealability as to his sufficiency of the evidence claim but denied Young a certificate of appealability as to the remaining seven claims. This court also denied Young a certificate of appealability on the remaining claims.

At the outset, we note that in his brief before this court, Young argues that the evidence was insufficient to establish his identity as the shooter because the testimony of a prosecution witnesses, Terri Davis, was inherently incredible. However, this argument was not raised in Young's petition to the district court, and we do not consider it for the first time on appeal. *See Chandler v. Jones*, 813 F.2d 773, 777 (6th Cir.1987). Furthermore, the certificate of appealability authorized review only of the sufficiency of the evidence claim relative to the jury's finding of premeditation. This court may only consider those issues certified on appeal. *See* 28 U.S.C. § 2253(c).

The district court properly dismissed Young's habeas petition. This court reviews de novo a district court's dismissal of a § 2254 petition, but reviews the court's factual findings for clear error. *See Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999). The district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: 1) was contrary to, or involved an unreasonable application of, clearly established federal law; or 2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d).

Upon review, we conclude that the district court properly denied Young's petition for habeas corpus relief, as the state courts had addressed the issue certified on the merits, and their decisions were not contrary to or an unreasonable application of federal law, nor did they unreasonably determine the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Sanders v. Freeman*, 221 F.3d 846, 852 (6th Cir.2000). The findings of the Michigan Court of Appeals are supported in the record. McGuffie testified that Young shot his gun outside the apartment building, and McGuffie's neighbor also saw Young shoot and reload the gun. McGuffie also testified about the argument she and Young had in the kitchen. Young learned that Haywood was the person who had previously called McGuffie. Young said to his companion, L.A., "Man, Let's do this," and then Young shot Haywood in the back as Haywood fled. The next day, Young told McGuffie that he was not going to kill Haywood, but he ran. Based on this evidence, the conclusion by the Michigan Court of Appeals that there was sufficient evidence to sustain the charge of first-degree murder was not an unreasonable application of the decision by the Supreme Court in *Jackson v. Virginia*, 443

U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See Williams*, 529 U.S. at 413, 120 S.Ct. 1495.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.