**James Franklin LOVE, Petitioner–Appellant,**

v.

**Harold CARTER, Respondent–Appellee.**

No. 00–3313.

United States Court of Appeals, Sixth Circuit.

Oct. 2, 2002.

Before BOGGS and BATCHELDER, Circuit Judges; and STEEH,* District Judge.

PER CURIAM.

Petitioner James Franklin Love, an Ohio state prisoner, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons that fol-low, we AFFIRM the district court's judgment.

### I. Background

James Franklin Love was indicted on February 16, 1996 by a Hamilton County, Ohio grand jury on five counts of forceful rape of a child under age thirteen, Ohio Rev.Code § 2907.02, and five counts of sexual battery, Ohio Rev.Code § 2907.03 ("1996 Adams Case"). Each count also contained a prior violent offense specification premised on a 1982 Florida conviction for sexual assault of a child. The indictment named Sarah Adams as the victim, charging that the crimes occurred in 1988, 1989, and 1990.

On May 10, 1996, the state trial court granted a motion to join the retrial of a 1986 rape case with the 1996 Adams Case. In the 1986 case, Love was indicted by a Hamilton County, Ohio grand jury on one count of gross sexual imposition, Ohio Rev. Code § 2907.05, one count of attempted rape, Ohio Rev.Code § 2923.02, and one count of rape of a person under the age of thirteen by force, Ohio Rev.Code § 2907.02 ("1986 Cotton Case"). The indictment named Jennifer Cotton as the victim, charging that the first two counts occurred on September 7, 1986, and that the third count occurred on August 26, 1986. Love's motion for acquittal was granted as to the gross sexual imposition charge, and a jury at the initial 1986 Cotton Case trial returned a not guilty verdict on the attempted rape charge. The same jury found Love guilty on the third charge of rape, but not guilty of the specific element of force. Following unsuccessful direct state court appeals, the state trial court vacated the rape conviction on August 31,

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

1995 in a post-conviction proceeding, finding ineffective assistance of counsel and granting Love a new trial on a remaining charge of rape, without force, of a child under age' thirteen. This 1986 Cotton Case statutory rape charge was joined for retrial with the five counts of rape and five counts of sexual battery charged in the 1996 Adams Case.

Love's motion for judgment of acquittal in the joined proceeding was granted by the state trial court as to all five sexual battery counts alleged in the 1996 Adams Case, as well as to one of the five counts of rape charged in the 1996 Adams Case. A joined trial proceeded on the remaining four counts of forceful rape of a child under age thirteen as alleged in the 1996 Adams Case, and the charge of statutory rape as alleged in the 1986 Cotton Case. On June 5, 1996, a jury convicted Love on these remaining five counts. Love was sentenced to a prison term of eight to twenty-five years on the 1986 Cotton Case statutory rape conviction, and life imprisonment on each of the four 1996 Adams Case rape by force convictions, with each term of imprisonment ordered to be served consecutively.

Love appealed his convictions in the state court on numerous grounds, including a challenge to the joinder of the 1986 Cotton Case and the 1996 Adams Case as well as the admission of "other acts" evidence. On June 4, 1997, the Ohio Court of Appeals affirmed the convictions. The Ohio Supreme Court dismissed Love's appeal on October 15, 1997. On October 14, 1998, Love filed a petition for habeas corpus in the United States District Court for the Southern District of Ohio, alleging six grounds for relief. On February 8, 2000,

the district court issued a 39–page opinion denying the habeas petition and denying a certificate of appealability. On reconsideration, the district court granted a certificate of appealability on May 9, 2000 limited to Love's first of six grounds for habeas relief as alleged in his petition: that the state trial court admitted "other acts" evidence at trial in violation of the Due Process Clause and Double Jeopardy Clause.

## II.   Limited Issues Before This Court

Only Love's first ground for habeas relief is properly before this court under the limited certificate of appealability issued by the district court. *See Moorehead v. Collins,* No. 98–4194, 1999 WL 1045172 *1 (6th Cir. Nov.9, 1999) (per curiam) (reasoning that "the district court granted a certificate of appealability as to the issues raised in the first four grounds of [the] habeas corpus petition. Consequently, the issues certified are the only issues properly before this court", and citing 28 U.S.C. § 2253(c)(1)(A) and (c)(3); *Carter v. Hopkins,* 151 F.3d 872, 874 (8th Cir.), *cert. denied,* 525 U.S. 1007, 119 S.Ct. 524, 142 L.Ed.2d 435 (1998)). Love has been repeatedly apprized of the limited issues before the court. *See* July 5, 2000 Order issued by Sixth Circuit Chief Judge Boyce Martin; Sixth Circuit November 1, 2000 Order denying motion for reconsideration. Love's first ground for habeas corpus relief[1] reads:

THE INTRODUCTION OF IRRELE-VANT, IMMATERIAL AND HIGHLY PREJUDICIAL EVIDENCE OF OTH-ER ACTS AT PETITIONER'S TRI-AL—INCLUDING A 14 YEAR OLD CONVICTION, EVIDENCE BARRED BY THE DOCTRINE OF DIRECT

---

1. Love's Grounds Two through Six challenge the consolidation of indictments, the joinder of the retrial of the 1986 Cotton Case with the 1996 Adams Case, jury instructions related to

"other acts" evidence, the denial of a motion to file a *pro se* supplemental brief and to supplement the record, and prosecutorial and judicial misconduct.

ESTOPPEL, EVIDENCE BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL, AND EVIDENCE ADDUCED BY A MISJOINDER AND/OR PREJUDICIAL JOINDER OF TWO, TOTALLY SEPARATE AND UNRELATED INDICTMENTS WHICH COULD NOT HAVE BEEN JOINED IN A SINGLE INDICTMENT—VIOLATED PETITIONER'S RIGHTS TO BOTH SUBSTANTIVE AND PROCEDURAL DUE PROCESS OF LAW, THE RIGHT TO BE FREE FROM DOUBLE JEOPARDY AND THE RIGHT TO FUNDAMENTALLY FAIR TRIALS SECURED BY THE 5TH, 6TH AND 14TH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.

At Love's joint trial, the state trial court permitted the following to be admitted under Ohio law[2] as "other acts" evidence used to prove the 1986 Cotton Case statutory rape charge that was alleged to have occurred on August 26, 1986:(1) evidence relating to petitioner's 1982 Florida conviction for lewd and lascivious assault on a child, including the testimony of victim Leslie Saunders and her mother Anne Saunders, and petitioner's alleged reference to the Florida conviction in a September 8, 1986 unrecorded statement to Police Sergeant Linda Kern that petitioner was into "nine-year-olds that haven't reached puberty yet, not twelve-year-olds that look like they're 22"; (2) evidence relating to the charges of gross sexual imposition and attempted rape of Jennifer Cotton on September 7, 1986, and evidence concerning petitioner's use of force upon Jennifer Cotton on August 26, 1986 (all of which petitioner was acquitted of in the first trial), including Jennifer Cotton's and her mother Ruth Kegley's testimony concerning these events, and spermicide and neckties found in petitioner's apartment on September 7, 1986; and (3) evidence relating to the charges in the 1996 Adams Case, including the testimony of victim Sarah Adams and her mother Barbara Neal. The state trial court also permitted the following to be admitted under Ohio law as "other acts" evidence used to prove the four charges of forceful rape charged in the 1996 Adams Case that were alleged to have occurred in 1988, 1989 and 1990:(1) evidence relating to petitioner's 1982 Florida conviction, including the testimony of victim Leslie Saunders and her mother Anne Saunders, and petitioner's alleged September 8, 1986 unrecorded reference to the Florida conviction to Police Sergeant Kern; (2) evidence concerning the statutory rape charge in the 1986 Cotton Case; and (3) evidence relating to the gross sexual imposition and attempted rape charges of which petitioner was acquitted in the initial 1986 Cotton Case proceeding.

### III. Standard of Review

In reviewing a district court's decision to deny habeas relief under § 2254, questions of fact are reviewed under a "clearly erro-

---

**2.** "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant." Ohio Rev.Code § 2945.59. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ohio Evid. R. 404(B).

neous" standard, while questions of law are reviewed *de novo*. *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir.1999). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") set forth new standards for reviewing a federal habeas corpus petition. The Supreme Court described the new standards, which strengthen the presumption of correctness given to state court determinations:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision should be considered an "unreasonable application" under § 2254(d)(1) if the state court identifies the correct Supreme Court rule but unreasonably applies the rule, or "unreasonably extends or unreasonably refuses to extend a legal principal from Supreme Court precedent to a new context." *Ford v. Curtis,* 277 F.3d 806, 808 (6th Cir.2002) (citing

*Williams,* 529 U.S. at 407, 120 S.Ct. 1495). Whether a state court's application of federal law was reasonable is judged by an objective standard. *Id.* (citing *Williams,* 529 U.S. at 409, 120 S.Ct. 1495). State court determinations of fact are presumed correct, and are rebuttable only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### IV. Due Process Challenge

On appeal of a habeas corpus decision, as opposed to an appeal of a state court conviction, this court does not pass upon "errors in the application of state law, especially rulings regarding the admission or exclusion of evidence." *Coleman v. Mitchell,* 244 F.3d 533, 542 (6th Cir.2001) (quoting *Cooper v. Sowders,* 837 F.2d 284, 286 (6th Cir.1988)). "A state court evidentiary ruling will be reviewed by a federal *habeas* court only if it were so fundamentally unfair as to violate the petitioner's due process rights." *Id.* (citing *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000)). *See also Logan v. Marshall,* 680 F.2d 1121, 1123 (6th Cir.1982).

The trial court's evidentiary rulings admitting the subject "other acts" evidence were affirmed by the Ohio Court of Appeals based upon Ohio law, which permits "other acts" evidence to be admitted for purposes of proving motive, opportunity, intent, preparation, scheme, plan, system, knowledge, identity, or absence of mistake or accident. Ohio Rev.Code § 2945.59; Ohio Evid. R. 404(B). With respect to the "other acts" evidence admitted to prove the 1986 Cotton Case statutory rape charge—evidence related to petitioner's 1982 Florida conviction; the gross sexual imposition, attempted rape, and use of force charges involving Jennifer Cotton that petitioner was acquitted of at his first

trial; spermicide and neckties [3] found in petitioner's apartment; and evidence relating to the 1996 Adams Case rape charges—the Ohio Court of Appeals determined that, considering petitioner's denial that he had raped Cotton and had caused her to become pregnant, this evidence was admissible to prove petitioner's identity through proof of motive, scheme, plan, system, and *modus operandi.*

The "other acts" evidence in this case demonstrates that appellant would become involved with a single mother with a pre-pubescent daughter. Appellant had sexual access to the daughters because their mothers were unavailable to protect them, either physically or psychologically. Appellant was the step-father to Leslie [Saunders, the victim in the 1982 Florida conviction], was the "man around the house" in this [1986 Cotton Case], and provided instruction, presents, activities, and attention to Sarah [Adams in the 1996 Adams Case]. He became a trusted member or "friend" of the family. Shortly after becoming involved with her mother, appellant approached each girl as she lay sleeping and performed cunnilingus on her. His molestations would occur frequently and in the same manner. As long as she did not resist, the girl was not restrained. If she did resist, appellant would restrain her. Appellant actually penetrated the older girls' vaginas with his penis. He only rubbed his penis inside the outer vaginal walls of the younger girl. We hold that although there were some differences in appellant's conduct toward the three victims, the similarity of methodology tends to show that the same person committed all three molestations, even had the victim not identified the perpetrator. (citation omitted). The acts were committed in a similar setting, under comparative circumstances, with a common *modus operandi.* (citation omitted). The police officer's testimony provided further evidence as to appellant's *modus operandi.*

With respect to "other acts" evidence admitted to prove the four charges of forceful rape alleged in the 1996 Adams Case—evidence related to petitioner's 1982 Florida conviction; the 1986 Cotton statutory rape charge; the gross sexual imposition, attempted rape, and use of force charges involving Jennifer Cotton that petitioner was acquitted of at his first trial; and spermicide and neckties found in petitioner's apartment—the Ohio Court of Appeals applied the same analysis in a separate opinion and likewise concluded that this evidence was admissible to prove petitioner's identity through proof of scheme, plan, system, method and *modus operandi.* The Ohio Court of Appeals also determined that the "other acts" evidence was material in proving petitioner's motive and intent in using force, a sentencing factor used to enhance the sentence for rape to a life sentence.

[W]e conclude that the "other acts" evidence as to Leslie [Saunders, the victim in the 1982 Florida conviction] and Jennifer [Cotton] demonstrated appellant's motive to capitalize on the vulnerability of a young girl, by becoming a person of authority in her family and thus creating an environment in which he could use his dominion and control by virtue of his position in her family to compel the child to submit to sexual conduct. Such evidence is material to illustrate appellant's coercion and control over Sarah [Adams]. (citation omitted).

---

3. Jennifer Cotton and her mother Ruth Kegley testified regarding incidents involving petitioner tying Jennifer to a bed with neckties.

■ The state trial court's rulings as to the admission of "other acts" evidence in the joined 1986 Cotton Case and 1996 Adams Case are not so fundamentally unfair as to violate petitioner's due process rights, and are indeed consistent with Supreme Court precedent permitting the use of "other acts" evidence in federal criminal cases. *Dowling v. United States*, 493 U.S. 342, 349, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990); *United States v. Felix*, 503 U.S. 378, 386, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992). We note that, in addition to the proper admission of "other acts" evidence under Federal Rule of Evidence 404(b), Federal Rule of Evidence 414 expressly provides:

> In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

Fed.R.Evid. 414(a). Consistent with the admissibility of "other acts" evidence under federal procedure, we cannot conclude that the admission of "other acts" evidence at Love's trial was patently unfair, contradicted governing Supreme Court precedent, or resulted in an incorrect and unreasonable application of federal law. *Coleman*, 244 F.3d at 542–43; *Logan*, 680 F.2d at 1123; *Williams*, 529 U.S. at 405–06, 411, 120 S.Ct. 1495.

Petitioner's reliance on *Michelson v. United States*, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948), and its progeny for the proposition that the admission of "other acts" evidence by a state court may violate the Due Process Clause is misplaced. *Michelson* did not address constitutional issues, but only the pre-Federal Rules of Evidence standard for admitting character evidence. Petitioner's arguments that the state trial court and the Ohio Court of Appeals misapplied Ohio law

are misplaced. *Coleman*, 244 F.3d at 542–43; *Logan*, 680 F.2d at 1123. Petitioner's argument that the state court did not give a cautionary instruction as to the limited use of "other acts" evidence is belied by the record.

### V. Double Jeopardy Challenge

No person shall "be subject for the same offense to be twice put in jeopardy...." U.S. Const. amend. V. This Double Jeopardy Clause of the Fifth Amendment is applicable to the States through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). "[A] mere overlap in proof between two prosecutions does not establish a double jeopardy violation." *Felix*, 503 U.S. at 386, 112 S.Ct. 1377. Consistent with the Double Jeopardy clause, a prior acquittal in a criminal case does not preclude a state from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof. *Dowling*, 493 U.S. at 349, 110 S.Ct. 668. Stated differently, the collateral-estoppel component of the Double Jeopardy Clause provides no protection against the introduction of "other acts" evidence in a later criminal trial where the relevance of the evidence is governed by a lower standard of proof than is required for a criminal conviction. *Felix*, 503 U.S. at 386, 112 S.Ct. 1377 (interpreting the "primary ruling" in *Dowling*). In Ohio, "[o]ther-acts evidence need be proved only by substantial proof, not proof beyond a reasonable doubt." *State v. Jamison*, 49 Ohio St.3d 182, 187, 552 N.E.2d 180, 185 (1990).

■ The state court did not violate the Double Jeopardy Clause by admitting under a lesser "substantial proof" standard "other acts" evidence related to the gross sexual imposition charges, attempted rape charges, and the use of force element charged in the 1986 Cotton Case, of which petitioner was acquitted at his first trial.

A prior jury acquittal in the Cotton Case did not preclude a finding by the jury that petitioner used force upon Sarah Adams or indeed, for evidentiary purposes, upon Cotton as well. Consistent with the Double Jeopardy Clause, petitioner faced a single statutory rape charge in the retrial of the 1986 Cotton Case that did not include the use of force or threat of force as an element. We conclude that the admission of "other acts" evidence in this case did not violate the Double Jeopardy Clause, did not contradict governing Supreme Court precedent, and did not result from an incorrect and unreasonable application of federal law. *Felix,* 503 U.S. at 386, 112 S.Ct. 1377; *Dowling,* 493 U.S. at 349, 110 S.Ct. 668; *Williams,* 529 U.S. at 405–06, 411, 120 S.Ct. 1495.

### *VI. Conclusion*

The judgment of the district court is AFFIRMED.