**Dion Eric SAVAGE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

Nos. 01–1485, 01–1626.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2001.

Before SILER and BATCHELDER, Circuit Judges; HOOD, District Judge.*

### ORDER

Dion Eric Savage appeals pro se from a district court order that denied a motion to reconsider the denial of his motion for a new trial under Fed.R.Crim.P. 33. He also appeals the court's denial of a motion to vacate his sentence filed under 28 U.S.C. § 2255. His consolidated appeals have been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Savage was convicted of engaging in a continuing criminal enterprise ("CCE"), conspiring to distribute cocaine, and being a felon in possession of a firearm, violations of 21 U.S.C. §§ 846 and 848, as well as 18 U.S.C. § 922(g). He received a life sentence on the CCE conviction and a concurrent ten-year sentence on the firearm conviction. No sentence was imposed for the conspiracy, and that conviction was aside on direct appeal because it was a lesser included offense of the CCE. However, Savage's convictions were affirmed in all other respects.

■ In 1998, Savage's attorney filed a Rule 33 motion for a new trial, which the district court denied on February 20, 2001. A timely appeal from that order was not filed within ten days, as prescribed by Fed. R.App. P. 4(b)(1). Instead, Savage sent a letter to the court clerk on March 12, 2001, inquiring about the status of his case. On March 30, 2001, the court entered an order that rejected Savage's letter as an *ex parte* communication, but allowed him fourteen days in which to file a proper motion. On April 11, 2001, Savage filed a motion to reconsider the denial of his Rule 33 motion. However, the district court lacked jurisdiction over the motion to reconsider, as it was not timely filed within the ten days that were allowed for filing an appeal from its Rule 33 order. *See United States v. Farley*, 72 F.3d 158, 162 (D.C.Cir.1995).

■ Savage suggests that his motion for reconsideration was timely because it was filed within fourteen days of the district court's order of March 30, 2001. However, the court's jurisdiction over Savage's Rule 33 motion ended on March 2, 2001, when the time expired for appealing the denial of that motion. Savage's letter is dated ten days after the period allowed for filing an appeal had expired. He did not ask the court to extend that period, and the court's March 30th order does not purport to do so. Thus, the denial of Savage's motion for reconsideration was proper, as that motion was untimely. *Id.; United States v. Ramirez*, 954 F.2d 1035, 1038 (5th Cir. 1992).

■ We note, nonetheless, that the court did not abuse its discretion by deny-

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

ing Savage's Rule 33 motion on the merits. *See United States v. Pierce,* 62 F.3d 818, 823 (6th Cir.1995). Savage alleged: 1) that prosecution witnesses had committed perjury; 2) that the court's jury-selection plan was unconstitutional; and 3) that he had sought to expunge a conviction that was used to attack his credibility at trial. Savage's current brief does not contain any coherent challenge to the court's denial of his last two claims. Thus, he has abandoned these claims for purposes of appellate review. *See Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997).

■ In support of his remaining claim, Savage submitted affidavits from individuals who indicated that two prosecution witnesses had committed perjury at his trial. The district court found that this evidence did not merit a new trial because it would merely impeach the witnesses' testimony, because the affiants were not credible, and because the evidence against Savage was substantial. Savage now primarily argues that the court's credibility finding was inconsistent with its decision to grant some of the affiants a reduced sentence under USSG § 5K1.1 in an unrelated case. This argument is unpersuasive because he has not shown that the sentencing reductions involved the same factual allegations as the affidavits that are at issue here. Savage also argues that the court erred in finding that his conviction was supported by other evidence. However, his own description of the evidence shows that there was ample corroboration for the witnesses' disputed testimony regarding his involvement in the offense. Therefore, the district court did not abuse its discretion by denying Savage's Rule 33 motion on the merits. *See Pierce,* 62 F.3d at 825.

In 2000, Savage filed a motion to vacate his sentence under 28 U.S.C. § 2255, primarily alleging: 1) that the indictment did not charge him with conspiring to distribute a specific amount of drugs; 2) that the jury did not unanimously agree on the predicate offenses for his CCE conviction; and 3) that his felony firearm conviction was not valid because his civil rights had been restored under state law. The district court vacated Savage's firearm conviction on March 9, 2001, but denied his § 2255 motion in all other respects. The court subsequently issued a certificate of appealability ("COA"), that was limited to the issue of whether Savage's CCE conviction was invalid in light of *Richardson v. United States,* 526 U.S. 813, 819, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999).

■ We review the denial of Savage's § 2255 motion *de novo,* accepting the district court's factual findings if they are not clearly erroneous. *See Murr v. United States,* 200 F.3d 895, 900 (6th Cir.2000). For Savage to prevail, the record must reflect a fundamental defect that resulted in a complete miscarriage of justice or an egregious error that violated due process.

[T]o sustain a conviction for engaging in a CCE, the government must prove (i) a felony violation of a federal narcotics law; (ii) as a part of a "continuing series" of at least three violations; (iii) "in concert with five or more persons"; (iv) for whom the defendant is an organizer, supervisor or manager; and (v) from which he derives substantial income or resources. *See* 21 U.S.C. § 848(c) (1994). In *Richardson* ..., the Supreme Court held for the first time that a jury must unanimously agree on which specific violations constitute the "continuing series" of three or more predicate violations required to prove that a defendant engaged in a CCE. Moreover, the Court held that the district court erred by failing to instruct the jurors that the "violations" are themselves elements of the CCE and, therefore, the jury was required to agree unanimously

about which three (or more) related drug crimes Petitioner committed.

*Id.* at 905.

Savage alleged his CCE conviction was invalid because the jury had not been required to reach a unanimous finding regarding the predicate offenses for that conviction. The government now argues that Savage must show cause and prejudice to excuse his failure to raise this claim on direct appeal. However, we conclude that a cause and prejudice analysis is not applicable, as the *Richardson* decision was rendered during the pendency of Savage's appeal, and it is undisputed that he did raise this claim in a pro se motion to supplement his brief in that appeal. Savage's pro se briefs were considered on direct appeal, and the panel's decision there is binding insofar as it implies that his CCE claim is unavailing. *See United States v. Suarez,* 263 F.3d 468, 491 (6th Cir.2001).

That decision is compatible with the district court's finding that the failure to give a specific instruction under *Richardson* was harmless error in this case. Savage did not seek an instruction that required a unanimous finding on his predicate offenses, nor did he object to the instructions that were given by the trial court. Moreover, the jury's verdict implies its agreement regarding Savage's guilt on three predicate offenses. The jury unanimously found that he was guilty of conspiring to distribute cocaine. Thus, it accepted the government's theory that Savage had stored and distributed cocaine in his two stores. This theory directly supports a finding that Savage was guilty of two other predicate offenses, as he violated 21 U.S.C. § 856 by allowing his stores to be used in a drug-trafficking conspiracy. Under these circumstances, we conclude that the court's failure to give a unanimity instruction was no more than harmless error. *See United States v. Scott,* 218 F.3d 835, 838 (8th Cir.), *cert. denied,* 531 U.S. 1000, 121 S.Ct. 500, 148 L.Ed.2d 470 (2000); *Murr,* 200 F.3d at 906–07; *United States v. Long,* 190 F.3d 471, 476 n. 3 (6th Cir.1999).

Savage also alleged that his indictment did not charge him with conspiring to distribute a specific quantity of drugs. In rejecting this argument, the district court found that the failure to charge a specific amount of drugs in the indictment did not make Savage's conspiracy conviction unconstitutional, even though it may limit the penalties to which he was exposed for that offense. Savage now attempts to expand these allegations into an argument that his indictment was jurisdictionally defective under *Richardson.* However, the majority opinion in *Richardson* does not expressly require that each of the predicate offenses be pleaded with particularity in the indictment. Therefore, Savage's current argument is not reviewable because it exceeds the scope of the district court's COA order. *See Murray v. United States,* 145 F.3d 1249, 1250–51 (11th Cir.1998).

Accordingly, all pending motions are denied as moot and both of the district court's judgments are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.