courts just as the doctrines of exhaustion and procedural default are treated.  In the interests of comity and federalism, a district court has the discretion to dismiss a habeas case for procedural default and/or nonexhaustion whether or not the respondent has filed an answer or exercised a waiver.  In the interests of finality, not to mention judicial economy, a federal court likewise should have the discretion to dismiss an untimely habeas case whether or not the respondent has filed an answer or exercised a waiver.  That is what Congress intended when it enacted AEDPA, what the Supreme Court has authorized in analogous situations, and what the district court did in this case.  Finding no error, I would affirm.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2002 FED App. 0101P (6th Cir.)
File Name:  02a0101p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

GUY BILLY LEE SCOTT,
     *Petitioner-Appellant,*

     *v.*                                                No. 00-3240

TERRY COLLINS, Warden,
     *Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No.  99-00050—S. Arthur Spiegel, District Judge.

Argued:  October 31, 2001

Decided and Filed:  March 25, 2002

Before:  SILER and COLE, Circuit Judges; STAFFORD, District Judge.[*]

———————————

## COUNSEL

**ARGUED:**  H. Fred Hoefle, Cincinnati, Ohio, for Appellant. Thelma T. Price, OFFICE OF THE ATTORNEY GENERAL, CORRECTIONS LITIGATION SECTION, Columbus, Ohio,

———————————

[*]The Honorable William H. Stafford, United States District Judge for the Northern District of Florida, sitting by designation.

1

for Appellee. **ON BRIEF:** H. Fred Hoefle, Cincinnati, Ohio, for Appellant. Thelma T. Price, OFFICE OF THE ATTORNEY GENERAL, CORRECTIONS LITIGATION SECTION, Columbus, Ohio, for Appellee. William R. Gallagher, ARENSTEIN & GALLAGHER, Cincinnati, Ohio, David H. Bodiker, J. Joseph Bodine, OHIO PUBLIC DEFENDER'S OFFICE, Columbus, Ohio, for Amici Curiae.

COLE, J., delivered the opinion of the court, in which SILER, J., joined. STAFFORD, D. J. (pp. 15-20), delivered a separate dissenting opinion.

---

## OPINION

---

R. GUY COLE, JR., Circuit Judge. Petitioner-appellant Guy Billy Lee Scott, an inmate at the Ross Correctional Institution in Chillicothe, Ohio, appeals the district court's *sua sponte* order dismissing his petition for a writ of habeas corpus. The district court dismissed Scott's habeas petition as barred under the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). For the reasons stated below, we **REVERSE** the district court's decision and **REMAND** for further consideration of Scott's petition.

### I.

On February 18, 1992, a jury in the Butler County, Ohio Court of Common Pleas convicted Scott for the murder, anal rape, and misdemeanor assault of Lesa Buckley. Scott received consecutive sentences of fifteen years to life for murder and fifteen to twenty-five years for rape as well as two concurrent sentences for the assault charges. Scott appealed his convictions and identified seventeen assignments of error. On August 1, 1994, the Ohio Twelfth District Court of Appeals ruled against Scott on all counts. Citing four errors in the Court of Appeals' decision, Scott appealed to the Ohio Supreme Court, which declined to review Scott's case on December 14, 1994.

In *Granberry v. Greer*, 481 U.S. 129, 134-145, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987), the Supreme Court considered the question of how an appellate court ought to handle a nonexhausted habeas petition when a respondent fails to raise the defense in the district court. The Court decided that an appellate court is not required to treat the respondent's failure to raise the defense as an absolute waiver of the defense. The Court instead held that, based on the interests of comity and federalism, an appellate court has the discretion to decide "whether the administration of justice would be better served by insisting on exhaustion or by reaching the merits of the petition forthwith." *Granberry*, 481 U.S. at 131.

In the wake of *Granberry*, it is now well-recognized that a federal court–either district or circuit–may raise *sua sponte* a petitioner's failure to exhaust state law remedies and may apply that doctrine to dismiss the petitioner's federal case even when the respondent fails to assert the defense. *See, e.g.*, *Graham v. Johnson*, 94 F.3d 958, 970 (5th Cir. 1996) (rejecting the state's explicit waiver of the exhaustion requirement and remanding for dismissal based on the petitioner's failure to exhaust). Furthermore, at least nine circuits have relied on the reasoning of *Granberry* to find that, in the interests of comity, federalism and judicial economy, habeas courts also have the discretion to deny relief on the basis of a petitioner's procedural default despite the failure of the respondent to preserve or properly raise the defense. *See, e.g.*, *Yeatts v. Angelone*, 166 F.3d 255, 261-262 (4th Cir. 1999) (collecting cases); *Magouirk v. Phillips*, 144 F.3d 348, 357-358 (5th Cir. 1998). Courts are thus permitted to *sua sponte* raise failure to exhaust and procedural default–both affirmative defenses which may be waived by the respondent–before as well as after the respondent files an answer. There is no reason why the statute of limitations–also an affirmative defense which may be waived by the respondent–should be treated differently.

Advancing concerns no less important than those advanced by the doctrines of exhaustion and procedural default, AEDPA's statute of limitations must be treated by the federal

the respondent. *See, e.g.*, *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Nonetheless, courts have unanimously held that a district court may *sua sponte* raise and decide a limitations defense, waivable though it may be, before the respondent is even ordered to file an answer to the petition. *See, e.g.*, *Acosta*, 221 F.3d at 121-122; *Kiser*, 163 F.3d at 329. These courts have found such a result to be consistent not only with the purposes of AEDPA but also with Rule 4 of the Rules Governing Section 2254 cases, which rule gives district courts the power to review and summarily dismiss habeas petitions, before the respondent files an answer, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rules Governing § 2254 Cases, Rule 4. Rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer," Advisory Committee's Note to Rule 4, the district court's authority to summarily dismiss habeas petitions under Rule 4 reflects AEDPA's policy considerations of comity, finality, and federalism and clearly "differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses." *Kiser*, 163 F.3d at 328.

To be sure, this case is distinguishable from the many cases upholding summary dismissal on limitations grounds where respondents have never been ordered to file a response to the petition. Here, the district court ordered the respondent to file a return of writ responding to the allegations of the petition. In its order, the court stated that the return of writ "should" include a number of allegations, including an allegation as to whether AEDPA's one-year statute of limitations barred the petitioner's claims. The respondent in fact filed a return of writ without raising or addressing in any way the limitations issue. The court today decides that, when the respondent failed to mention a limitations defense in its return of writ, the district court lost its authority to consider the issue *sua sponte*. I disagree.

Without having any success through direct appeal, Scott collaterally challenged his criminal convictions by filing a motion for post-conviction relief with the Butler County Common Pleas Court on September 20, 1996. Scott offered six reasons why the Common Pleas Court should vacate the judgment and sentence, but the court rejected each reason on November 1, 1996. Citing seven assignments of error in that court's decision, Scott appealed to the Ohio Twelfth District Court of Appeals, which ruled against him on October 13, 1997. Scott appealed that decision to the Ohio Supreme Court, which declined review on January 28, 1998.

After these repeated rejections by Ohio courts, Scott took his case into the federal court system. On January 25, 1999, Scott petitioned for a writ of habeas corpus in the United States District Court for the Southern District of Ohio. Three days after receiving the habeas petition, a federal magistrate judge issued an order (the "January 28 Order"), which instructed respondent, Terry Collins, to file a return of writ that "should include" an allegation of "whether petitioner's claims are barred by the one-year statute of limitations established in Section 101 of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C.A. § 2244(d) (West Supp. 1996)." Respondent timely filed a thirty-eight page return of writ that did not include an allegation that Scott's petition was barred by the § 2244(d) one-year statute of limitations. After respondent failed to address the statute of limitations issue, the magistrate judge issued an order explaining why Scott's petition was barred by § 2244(d). In the same order, the magistrate judge commanded Scott to "show cause, in writing, within twenty (20) days of the date of filing of this Order why this Court should not dismiss this action as time-barred." After receiving an extension of time to respond, Scott responded with five reasons why the statute of limitations should not bar his habeas corpus petition. Unpersuaded by the reasons Scott offered, the district court dismissed Scott's petition with prejudice on statute of limitations grounds.

The district court thoroughly explained its basis for rejecting Scott's habeas petition on statute of limitations grounds in its order. For cases not petitioning the United States Supreme Court for a writ of certiorari, the district court reasoned that the statute of limitations begins to run ninety days (the time allotted for filing a writ of certiorari) after the conclusion of all direct criminal appeals in the state system. Because the Ohio Supreme Court declined Scott's appeal on December 14, 1994, the district court noted that, were it enacted at that point, the statute of limitations would have begun running ninety days later – in mid-March 1995. However, recognizing that § 2244(d) did not become law until April 24, 1996, the district court concluded that the statute of limitations began to run on that date instead. Next, the district court acknowledged that under § 2244(d)(2), the statute of limitations is tolled during the pendency of properly filed applications for state post-conviction relief. Thus, after approximately five months had run on the statute of limitations, Scott tolled the statute of limitations by filing for state post-conviction relief on September 20, 1996. The statute of limitations resumed on January 28, 1998, when the Ohio Supreme Court declined review of Scott's motion for post-conviction relief. Because the remaining seven months of the statute of limitations expired in approximately August 1998, the district court barred Scott's January 25, 1999 petition for habeas relief.

Although it dismissed Scott's petition, the district court granted Scott a certificate of appealability ("COA") on the limited issue of whether the statute of limitations barred Scott's habeas petition.[1]    With the COA, Scott timely

---

[1]An intervening Supreme Court decision, *Slack v. McDaniel*, 529 U.S. 473 (2000), indirectly interrupted Scott's appeal. In *Slack*, the Supreme Court held that in cases where a habeas petition has been dismissed on procedural grounds without reaching the prisoner's underlying constitutional claims, a COA may issue only after a showing that (i) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (ii) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 478. In light of the *Slack* holding, the Sixth

## B.

Should we nevertheless generously construe the COA as permitting the petitioner to argue on appeal his waiver and *sua sponte* dismissal issues, we should then reject the petitioner's arguments on the merits. In my judgment, the district court acted in conformity not only with AEDPA but also with the caselaw construing AEDPA.

Congress intended AEDPA to further the principles of comity, finality, and federalism. *Williams v. Taylor*, 529 U.S. 420, 436, 120 S. Ct. 1479, 146 L. Ed. 2d 435 (2000) (stating that "there is no doubt Congress intended AEDPA to advance these doctrines [comity, finality, and federalism]"). Consistent with such purpose, Congress created a one-year limitations period that was meant to streamline the habeas review process and to lend finality to state court convictions. *Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120, 2128, 150 L. Ed. 2d 251 (2000) (recognizing that "the 1-year limitation period of § 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments"); *see also* H.R. Cong. Rep. No. 104-518, at 111 (1996), *reprinted in* H.R. Conf. Rep. No. 518, 104th Cong., at 111 (1996), reprinted in 1996 U.S.C.C.A.N. 924, 944 (1996) (explaining that, in enacting AEDPA, Congress wanted "to curb the abuse of the statutory writ of habeas corpus" by adding, among other things, a one-year period of limitation to the time a state prisoner has to seek habeas relief from a state conviction). Indeed, as recognized by the Second Circuit in *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000), AEDPA's one-year limitations period implicates values beyond the interests of the parties and, in particular, "promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time."

Since enactment of AEDPA, many courts have concluded that the one-year limitation period contained in section 2244(d)(1) is an affirmative defense that may be waived by

limitations governing habeas corpus cases set forth in 28 U.S.C. § 2244(d), a certificate of appealability will issue solely with respect to the issue addressed in this Order as to whether the instant habeas corpus petition is barred from review under § 2244(d).

When we remanded the case to the district court for it to reconsider its COA in light of the Supreme Court's opinion in *Slack v. McDaniel*, 120 S. Ct. 1595 (2000), the district court said that it "stands by its original order for issuance of certificate of appealability on the statute of limitations question addressed in the Order being appealed."

The petitioner did not ask this court to broaden the scope of the district court's COA. The petitioner nonetheless specified four issues on appeal, none of which was expressly certified by the district court. Specifically, the petitioner raised the following issues: (1) whether the respondent waived the statute of limitations defense; (2) whether the district court violated its due process obligation to be fair and impartial when it *sua sponte* asserted a waivable defense on behalf of the respondent; (3) whether the district court erred in determining that the petitioner was not entitled to equitable tolling; and (4) whether enforcement of the statute of limitations in the petitioner's case constituted an unconstitutional suspension of the writ of habeas corpus.

AEDPA limits the scope of review in a habeas appeal to issues specified in the COA. 28 U.S.C. § 2253(c). Issues not certified for appeal, either by the district court or by this court on motion under Sixth Circuit Rule 22(a), cannot be heard on appeal. *Savage v. United States*, ___ F.3d ___, 2001 WL 1587326 (6th Cir. Dec. 11, 2001); *Murray v. United States*, 145 F.3d 1249, 1250 (11th Cir. 1998). Because the operative COA in this case mentions only the issue of timeliness under 28 U.S.C. § 2244(d), I believe that we exceed the scope of the COA when we address the issues articulated by the petitioner.

appealed his case to the Sixth Circuit. In his appellate brief, Scott realleged his actual innocence of the anal rape conviction and argued against the application the statute of limitations to his petition for four reasons: (i) respondent waived the statute of limitations defense; (ii) the court violated its duty to be fair and impartial by asserting a waived defense on behalf of the respondent; (iii) Scott's petition is entitled to the benefit of equitable tolling of the statute of limitations; and (iv) applying the statute of limitations to Scott as a first time habeas petitioner unconstitutionally suspends the writ of habeas corpus.[2] In reply to these arguments, respondent contends that Scott's petition is barred by § 2244(d) because (i) the district court had authority to consider *sua sponte* the timeliness of the petition and the district court did not err in holding that Scott's petition was untimely; (ii) the district court properly held that Scott was not entitled to the benefits of equitable tolling; and (iii) the application of the statute of limitations to Scott's case is not an unconstitutional suspension of the writ of habeas corpus. Later, the Ohio Association of Criminal Defense Lawyers and the Ohio Public Defender filed amici briefs urging reversal of the district court's dismissal of Scott's petition. The question of whether the district court properly applied the statute of limitations to Scott's habeas petition is now before this Court.

---

Circuit remanded Scott's appeal to the district court to reassess the issuance of the COA. On remand, the district court acknowledged that in issuing the COA, it considered only the second *Slack* prong. After evaluating the first *Slack* prong, the district court concluded that the issuance of the COA was still proper.

[2]The dissent interprets the district court's COA as applying to only a narrow statute of limitations issue. While we acknowledge that 28 U.S.C. § 2253(c)(3) requires that a habeas petitioner specify issues for appeal in a COA, we do not read that requirement as excluding Scott's arguments here. The COA allowed Scott to appeal the issue of whether his petition was barred due to the § 2244(d) statute of limitations. Consistent with the COA, each of Scott's arguments relates to why his petition should not be barred from review due to the § 2244(d) statute of limitations.

## II.

Two initial observations are necessary before analyzing the merits of Scott's appeal. First, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, governs Scott's habeas petition because Scott filed his habeas petition on January 25, 1999 – after the effective date of AEDPA. *See Bronaugh v. Ohio*, 235 F.3d 280, 282 (6th Cir. 2001) (applying AEDPA's one-year statute of limitations to a habeas petition that was filed on April 24, 1996); *Harris v. Stovall*, 212 F.3d 940, 941 (6th Cir. 2000). Second, a court of appeals reviews a district court's disposition of a habeas corpus petition *de novo*. *Bronaugh*, 235 F.3d at 282; *Harris*, 212 F.3d at 941. Thus, Scott's four assignments of error will be analyzed under AEDPA and the district court's decision will be reviewed *de novo*.

### A. Waiver

The first issue presented for review is whether respondent waived the ability to assert the statute of limitations defense. Without addressing the effect of the district court's *sua sponte* actions at this point, we conclude that respondent waived the statute of limitations defense.[3]

---

[3]The Supreme Court distinguishes "waiver" from "forfeiture." *United States v. Olano*, 507 U.S. 725, 733 (1993) ("Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'") (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)); *Freytag v. Comm'r of Internal Revenue*, 501 U.S. 868, 894 n.2 (Scalia, J., concurring). Although respondent's failure to assert the statute of limitations defense may technically constitute a "forfeiture," we use to the term "waiver" throughout this opinion to comport with our historical use of that term. *See Freytag*, 501 U.S. at 894 n.2 (Scalia, J., concurring) ("I shall not try to retain the distinction between waiver and forfeiture throughout this opinion, since many of the sources I shall be using disregard it.").

---

### DISSENT

---

WILLIAM STAFFORD, District Judge, dissenting. Because I cannot agree that the district judge erred in dismissing the petitioner's petition for writ of habeas corpus on limitations grounds, I must respectfully dissent. The district court determined–I believe correctly–that AEDPA provides district courts with the authority to *sua sponte* consider the timeliness of a habeas petition even when a state fails to preserve the issue. Here, the district court (1) determined that the respondent's failure to raise the defense was inadvertent and not the result of a purposeful or deliberate decision to forego the defense; (2) gave the petitioner an opportunity to present his arguments against dismissal on limitations grounds; (3) found that the petition was untimely under the provisions of AEDPA; and (4) concluded that dismissing the petition as untimely was appropriate given the goals of AEDPA. I would affirm the district court.

### A.

Initially, I question whether the waiver/*sua sponte* dismissal issue addressed by this court is within the scope of the certificate of appealability ("COA"). In its order dismissing the petition, the district court considered four issues: (1) whether the petition is barred as untimely under 28 U.S.C. § 2244(d)(1); (2) whether the petitioner is entitled to equitable tolling of the statute of limitations; (3) whether the district court has the discretion to raise the statute of limitations issue *sua sponte*; and (4) whether applying the statute of limitations to the petitioner's case amounts to an unconstitutional suspension of the writ of habeas corpus. The district court certified only the first issue for review on appeal. Specifically, the district judge wrote:

In light of the evolving case-law interpreting and applying the recently-enacted one-year statute of

habeas petition.    We note that this result in no way undermines a court's power to dismiss a habeas petition *sua sponte* as a preliminary matter.  Nor does it prohibit a court from dismissing a habeas petition on statute of limitations grounds at a later time if the respondent raises the statute of limitations affirmative defense.

### III.

This case presents a rare and unusual situation where the district court *sua sponte* dismissed a habeas petition on statute of limitations grounds after the respondent had waived the statute of limitations defense.  Under those facts, the district court erred by *sua sponte* correcting respondent's waiver by dismissing the petition.  For that reason, the district court's decision is **REVERSED** and the case is **REMANDED** to the district court for consideration of the merits of Scott's habeas petition.  In light of this remand order, the remaining two issues, equitable tolling and unconstitutional suspension, are moot and we refrain from addressing them here.

To avoid waiver under the rules of pleading and to comply with the court order, respondent had to plead the § 2244(d) statute of limitations defense.  The § 2244(d) statute of limitations defense is an affirmative defense as opposed to a jurisdictional defect.  *See Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); *Acosta v. Artuz*, 221 F.3d 117, 122 (2d Cir. 2000) ("The AEDPA statute of limitations is not jurisdictional, and nothing in the AEDPA or in the § 2254 Habeas Rules indicates that the burden of pleading the statute of limitations has been shifted from the respondent to the petitioner.  The AEDPA statute of limitations is therefore an affirmative defense and compliance therewith need not be pleaded in the petition.") (citations omitted); *Kiser v. Johnson,* 163 F.3d 326, 329 (5th Cir. 1999) (recognizing that "the statute of limitations provision of the AEDPA is an affirmative defenses rather than jurisdictional"); *United States ex rel. Galvan v. Gilmore*, 997 F.Supp. 1019, 1026 (N.D. Ill. 1998) ("[S]ince § 2244(d) does not affect this court's subject matter jurisdiction over habeas petitions, the state can waive the § 2244(d) timeliness issue by failing to raise it.") (citations omitted).    Because the § 2244(d) statute of limitations is an affirmative defense, Rule 8(c) of the Federal Rules of Civil Procedure requires that a party raise it in the first responsive pleading to avoid waiving it.[4]  Fed. R. Civ. P. 8(c) ("In pleading to a preceding pleading, a party shall set forth affirmatively . . . statute of limitations . . . and any other matter constituting an avoidance or affirmative defense."); *Haskell v. Washington Township*, 864 F.2d 1266, 1273 (6th Cir. 1988) ("Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, a defense based upon a statute of limitations is waived if not raised in the first responsive pleading."); *see also Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) ("Generally, a failure to plead an affirmative defense, like statute of limitations, results in the waiver of that defense and

---

[4]Rule 8 applies here by virtue of Rule 11 of the Federal Rules Governing Section 2254 Cases. *See* Fed. R. Governing Section 2254 Cases 11 ("The Federal Rules of Civil Procedure, to the extent that the are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules.").

its exclusion from the case."); *Carrington v. Robinson*, No. 99-CV-76377, 2001 WL 558232, at *4 (E.D. Mich. Mar. 27, 2001) (explaining that "[t]he statute of limitations provision of the AEDPA is an affirmative defense"); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1278, at 477 (2d ed. 1990) ("Generally, a failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case."). The Sixth Circuit is not alone in recognizing that a respondent who does not raise the § 2244(d) statute of limitations defense, waives it. *See, e.g., Galvan*, 997 F.Supp. at 1026 ("[S]ince the state did not raise the § 2244(d) limitations argument in this case, we find that it has been waived."); *Samuel v. Duncan*, No. 95-56380, 1996 WL 413632, at *1 (9th Cir. July 8, 1996) (explaining that the government waived the § 2244(d) statute of limitations defense by not raising the defense when the habeas petition was filed after the one-year statute had run).

Despite these cases underscoring the need to raise the statute of limitations defense, respondent's thirty-eight-page return of writ did not assert that defense. Respondent's failure to raise the statute of limitations defense takes on even greater significance in light of paragraph four of the district court's January 28, 1999 Order, which commanded respondent to file a return of writ that included an allegation of whether petitioner's claims were barred by the § 2244(d) one-year statute of limitations. Putting the pieces together, respondent's failure to raise the statute of limitations defenses as required by both the rules of pleading and the district court's January 28 Order amounted to a waiver of that defense.

Respondent counters the waiver argument by contending that waiver is not complete because Rule 15(a) of the Federal Rules of Civil Procedure allows for the amendment of the return of writ. Respondent's counter-argument fails. Although Rule 15(a) allows for the possibility of amending a pleading to include a previously omitted affirmative defense,

In addition to Rule 4, the Second Circuit has held that a district court may *sua sponte* dismiss a habeas petition on statute of limitations grounds where the dismissal "implicates values beyond the concerns of the parties." *Acosta*, 221 F.3d at 123. In reaching that result, the Second Circuit explained that "[t]he AEDPA statute of limitation promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time." *Id.* To date, this Circuit has not adopted that rationale as a basis for *sua sponte* dismissal of habeas petitions on statute of limitations grounds. Nevertheless, even if this Circuit were to adopt the *Acosta* holding in addition to Rule 4 as a basis for a district court's *sua sponte* dismissal of a habeas petition, the result here remains unchanged. In *Acosta*, the Second Circuit's articulation of the "values beyond the concerns of the parties," are set forth only to justify a district court's *sua sponte* dismissal of a habeas petition *as an initial matter*. For that reason, our holding is not inconsistent with *Acosta* because here, unlike *Acosta*, the respondent waived the statute of limitations affirmative defense. Furthermore, *Acosta* does not suggest that the "values beyond the concerns of the parties" justify granting a district court the ability to dismiss a habeas petition *sua sponte* on statute of limitations grounds after respondent waived that defense.

In sum, the district court's *sua sponte* dismissal was not a preliminary matter. Therefore, the district court's *sua sponte* action improperly cured respondent's waiver. Thus, the district court erred in dismissing Scott's petition on statute of limitations grounds. For that reason, we remand this case to the district court for consideration of the merits of Scott's

---

consider the broader question of whether a court of appeals may raise a procedural default *sua sponte*); *see also Fisher*, 169 F.3d at 301 ("We conclude, however, that even if we do have discretion in some circumstances to apply the procedural bar where the state has waived the defense in the district court, we will not exercise such discretion in this case.").

A district court's ability to dismiss a habeas petition *sua sponte* as an initial matter (after giving the petitioner notice and an adequate opportunity to be heard) does not amount to a power to cure *sua sponte* a party's waiver of an affirmative defense.[10]   *See Haskell*, 864 F.2d at 1273 ("Since [statute of limitations] is a waivable defense, it ordinarily is error for a district court to raise the issue *sua sponte*.  Otherwise, the waiver aspect of Rule 8(c) would have little meaning.") (citations omitted); *Edwards v. Armstrong*, No. 93-5665, 1995 WL 390279, at *7 (6th Cir. June 30, 1995) ("A court thus commits error when it cures one party's waiver by ruling *sua sponte*."); *see also Esslinger v. Davis*, 44 F.3d 1515, 1527 (11th Cir. 1995) (reversing district court's *sua sponte* dismissal of a habeas petition after the state had waived an affirmative defenses because "[t]he court's *sua sponte* invocation of the procedural default to bar relief, despite the State's waiver, served no important federal interest.").  As discussed above, Rule 4 permits *sua sponte* court action only as an initial matter.  Thus, the district court's *sua sponte* dismissal after it ordered respondent to answer and after respondent answered was not a dismissal as an initial matter.  Instead, it was an impermissible curing of the respondent's waiver.[11]

---

petitioner had notice of the issue and reasonable opportunity to argue against the bar, and whether the state had 'intentionally waived the defense.'") (citing *Fisher v. Texas*, 169 F.3d 295, 301-02 (5th Cir. 1999)).

[10]The dissent argues that the interests of comity, finality, federalism and judicial economy all favor affirming the district court's dismissal on statute of limitations grounds.  That approach pays little heed to the doctrine of waiver and the operation of Rule 4.  Moreover, the interests identified by the dissent are well preserved in light of a district court's continued ability to dismiss *sua sponte* a habeas petition as an initial matter.

[11]The conclusion that a court cannot dismiss a habeas petition *sua sponte* based on an unpleaded affirmative defense except as a matter of preliminary review is consistent with the Supreme Court's holding that a "court of appeals is not 'required' to raise the issue of procedural default *sua sponte*."  *Trest v. Cain*, 522 U.S. 87, 89, 90-91 (1997) (refusing to

---

the mere possibility of amendment through Rule 15(a) does not cure respondent's actual failure to raise the defense.

In sum, the statute of limitations in § 2244(d) is an affirmative defense that must be pleaded to avoid waiver.  Here, respondent did not plead the statute of limitations defense.  Consequently, respondent waived it.

## B.  The District Court's Authority To Dismiss *Sua Sponte* A Habeas Petition

Although respondent failed to raise the statute of limitations defense, the district court *sua sponte* dismissed Scott's habeas petition.  Scott argues that by asserting the statute of limitations defense *sua sponte*, the district court violated its duty to be fair and impartial.  Respondent counters by referencing several instances where district courts have *sua sponte* dismissed habeas petitions on statute of limitations grounds.[5]  Although the myriad of cases cited by respondent

---

[5]Respondent relies most heavily upon the following cases: *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001) ("Thus, while the district court has the authority to raise the statute of limitations *sua sponte* and to dismiss the petition on those grounds, that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond."); *Acosta v. Artuz*, 221 F.3d 117, 122 (2d Cir. 2000) (holding that "a district court has the authority to raise the AEDPA statute of limitations on its own motion"); *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) ("In sum, even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*."); *Carson v. Burke*, 178 F.3d 434, 437 (6th Cir. 1999) (affirming the district court's dismissal of a habeas petition after preliminary review based on Rule 4 of the Rules Governing Section 2254 Cases); *Guthrie v. Michigan*, No. 98-1928, 1999 WL 801502, at *1 (6th Cir. Sept. 30, 1999) (approving a district court's *sua sponte* dismissal of a habeas petition on statute of limitations grounds as an initial matter); *Carrington*, 2001 WL 558232, at *4 (noting that the court's assertion of the statute of limitations affirmative defense as an initial matter is not in error); *Hopson v. Jones*, 2001 U.S. Dist. LEXIS 4931 at *15-16 (N.D. Ala. Mar. 30, 2001); *see also Celikoski v. United States*, No. 99-2277, 2001 WL 1298835, at *2 (1st Cir. Oct. 25, 2001) (affirming the *sua sponte* dismissal of a § 2255 habeas motion on statute of limitations

is generally helpful, none of those cases addresses the precise issue presented here.[6]    For instance, many of the cases consider only the question of a district court's ability to dismiss *sua sponte* a habeas petition as an initial matter, not after a finding that respondent waived the defense.[7]    Other cases pertain exclusively to the statute of limitations in § 2255 for habeas motions for relief from federal sentences as opposed to the § 2244 statute of limitations for habeas petitions for relief from state sentences.[8]

In deciding the question of whether a district court may *sua sponte* cure a respondent's waiver of the § 2244(d) statute of limitations defense, we first examine the scope of a district court's power to dismiss a habeas petition *sua sponte*. Rule 4 Governing Section 2254 Cases permits a district court to dismiss habeas petition *sua sponte* as an initial matter:

The original petition shall be presented promptly to a judge of the district court in accordance with the

---

grounds); *Parke v. United States*, No. 97-CV-526, 1998 WL 326762, at *3 (N.D.N.Y. Apr. 27, 1998) (dismissing *sua sponte* a petitioner's motion to vacate under the one-year statute of limitations in § 2255 after the parties had waived the statute of limitations defense); *United States v. Terry*, No. 97-CV-522, 1997 WL 662477, at *2 (N.D.N.Y. Oct. 22, 1997) (dismissing *sua sponte* a petitioner's motion under the § 2255 statute of limitations after also considering and affirming independent bases for dismissal).

[6]Here, we are presented with the situation where a district court gave notice and an adequate opportunity to be heard then *sua sponte* dismissed a habeas petition even though respondent ignored the court order and did not raise an affirmative defense, which resulted in waiver.

[7]*See Herbst*, 260 F.3d at 1043; *Acosta*, 221 F.3d at 122; *Kiser*, 163 F.3d at 329; *Carson*, 178 F.3d at 437; *Guthrie*, 1999 WL 801502, at *1; *Carrington*, 2001 WL 558232, at *4; *Hopson*, 2001 U.S. Dist. LEXIS 4931 at *15-16.

[8]*See Celikoski*, 2001 WL 1298835, at *2; *Parke*, 1998 WL 326762, at *3; *Terry*, 1997 WL 662477, at *2.

---

procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned.  If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.  Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. . . .

Fed. R. Governing Section 2254 Cases 4.  Under this rule, after prompt examination, a judge may, as a matter of preliminary review, summarily dismiss the petition if it plainly appears from the face of the petition that the petitioner is not entitled to relief.  *See Acosta v. Artuz*, 221 F.3d 117, 122 (2d Cir. 2000); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993); *see also Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998) ("Every circuit to consider the issue holds that a habeas court has discretion to raise procedural default sua sponte to further the interests of comity, federalism, and judicial efficiency.").  Rule 4's use of the word "otherwise" indicates that, if, after prompt examination, a judge does not summarily dismiss the case, the judge must order respondent to either file an answer or take other appropriate action. Significantly, Rule 4 does not give a court continuing power to dismiss *sua sponte* the case after the court orders respondent to file an answer.  In short, Rule 4 gives a district court the ability to dismiss habeas petitions *sua sponte*, but that ability expires when the judge orders a respondent to file an answer or take other appropriate action.[9]

---

[9]*Cf. Scott v. Johnson*, 227 F.3d 260, 262-63 (5th Cir. 2000) (explaining in dicta and without reference to Rule 4 that for habeas cases "we also recognized that in *Fisher*, we had 'expressly left open the possibility that this court may, in the appropriate circumstances, apply the procedural bar sua sponte when the state has waived the defense in the district court.'  We stated that the pertinent concerns were whether the