**Charles M. STEELE, Petitioner–Appellant,**

v.

**Michael RANDLE, Warden, Respondent–Appellee.**

No. 99–4151.

United States Court of Appeals, Sixth Circuit.

June 4, 2002.

Before SILER AND BATCHELDER, Circuit Judges;  and HOOD, District Judge.*

PER CURIAM.

Petitioner Charles M. Steele, an Ohio state prisoner, appeals the district court's *sua sponte* dismissal of his habeas corpus petition as time-barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).  For the reasons stated below, we reverse and remand.

## BACKGROUND

In January 1995, Steele was convicted of rape and received a sentence of nine to twenty-five years.  The appeals court affirmed in October 1995.  Steele failed to perfect a timely appeal of this decision to the Ohio Supreme Court.  After securing new counsel, Steele filed a second notice of appeal, which was dismissed as untimely.

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

He challenged the effectiveness of his trial and appellate counsel by filing an application for delayed consideration in November 1995, which was also denied. After his unsuccessful direct appeal, Steele filed three petitions seeking post conviction relief in the Court of Common Pleas of Hamilton County. All three of the petitions were ultimately dismissed.

Steele sought federal habeas relief on two occasions before the instant petition. His first petition was dismissed on exhaustion grounds and the second petition was dismissed because Steele had failed to pursue a delayed direct appeal to the Ohio Supreme Court and because two of his post-conviction proceedings were still pending.

Steele's third petition for a writ of habeas corpus was filed on December 6, 1998. On January 25, 1999, a federal magistrate judge issued an order which instructed the respondent to file a return of writ that included an allegation of whether Steele's claims were barred by the one-year statute of limitations established in 28 U.S.C. § 2244(d). The return of writ was timely filed but it did not include an allegation that Steele's petition was time-barred. On June 17, 1999, the magistrate judge issued an order explaining why Steele's petition was barred by § 2244(d) and commanding Steele to show cause, in writing, within twenty days why the court should not dismiss the petition as time-barred. Steele filed his response offering several reasons why his habeas petition should not be barred by § 2244(d). Unpersuaded by Steele's response, the district court dismissed Steele's petition with prejudice on statute of limitations grounds.

## STANDARD OF REVIEW

A district court's legal conclusions in a habeas proceeding are reviewed *de novo*. *See Greer v. Mitchell,* 264 F.3d 663, 671

(6th Cir.2001). Because Steele's habeas petition was filed on December 6, 1998, after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996, the provisions of that Act apply to this case. *See id.*

## DISCUSSION

Steele argues, among other things, that the court was prohibited from *sua sponte* raising the statute of limitations affirmative defense waived by the respondent and, therefore, the court improperly dismissed his petition as time-barred. Relying on our recent decision in *Scott v. Collins,* 286 F.3d 923 (6th Cir.2002), we agree with Steele and conclude that the district court's *sua sponte* dismissal of his petition as time-barred was inappropriate.

■ As an initial matter, we must address the respondent's contention that Steele is precluded from arguing that the district court lacked the authority to *sua sponte* dismiss his petition because the COA did not specify this as an appealable issue. The court granted a COA "solely with respect to the issue addressed in [the] Order as to whether the instant habeas corpus petition is barred from review under § 2244(d)." Because the order did not discuss or debate the court's authority to dismiss the petition on its own motion, the respondent asserts that this is not an appealable issue since the order unequivocally referred only to the issues addressed by the district court itself.

Although the respondent correctly notes that pursuant to 28 U.S.C. § 2253(c)(3) a certificate must specify which of multiple issues resolved in the district court are appealable, he fails to recognize that a court's authority to *sua sponte* dismiss a petition as time-barred is inherently intertwined with its decision that the petition

did not meet the one-year statute of limitations. Therefore, we conclude that the COA does not prohibit Steele from arguing that the court lacked the authority to *sua sponte* dismiss his petition as time-barred. *See Scott*, 286 F.3d at 926 n. 2 (interpreting the scope of a similar COA and rejecting the idea that it excluded the argument that the district court lacked the authority to *sua sponte* raise the statute of limitations defense).

Turning next to the issue of waiver, we find the facts in this case to be similar to those in *Scott*. The respondent's return of writ failed to assert a statute of limitations defense. Additionally, by failing to address the timeliness of Steele's petition in the return of writ, the respondent ignored the court order which commanded the respondent to file a return of writ that included an allegation of whether Steele's petition was time-barred by the § 2244(d) one-year statute of limitations.

The respondent in *Scott* also failed to raise the statute of limitations defense in the return of writ. Addressing the issue of waiver, the court in *Scott* began by first noting "[t]o avoid waiver under the rules of pleading and to comply with the court order, respondent had to plead the § 2244(d) statute of limitations defense. The § 2244(d) statute of limitations defense is an affirmative defense as opposed to a jurisdictional defect." *Scott*, 286 F.3d at 927 (citations omitted). Because the § 2244(d) statute of limitations is an affirmative defense, the court concluded that pursuant to Rule 8(c) of the Federal Rules of Civil procedure the party raising such a defense must include it in his first responsive pleading to avoid waiving it. *See id.* at 927–28 (citations omitted). "Putting the pieces together, respondent's failure to raise the statute of limitations defenses as required by both the rules of pleading and

the district court's [ ] Order amounted to a waiver of that defense." *Id.* at 928.

■ Our decision in *Scott* requires the conclusion that respondent's failure to plead the § 2244(d) statute of limitations affirmative defense in direct violation of the court order resulted in a waiver of that defense.

■ Although respondent failed to raise the statute of limitations defense, the court *sua sponte* dismissed Steele's habeas petition as time-barred. Steele argues that after respondent waived the statute of limitations defense, the court was without authority, at that point, to *sua sponte* raise the issue. Again, relying on the decision in *Scott*, we agree with Steele and conclude that the court's *sua sponte* dismissal improperly cured respondent's waiver.

The court addressed the same issue in *Scott* and found that Rule 4 Governing Section 2254 Cases "gives a district court the ability to dismiss habeas petitions *sua sponte*, but that ability expires when the judge orders a respondent to file an answer or take other appropriate action." *Scott*, 286 F.3d at 930 (footnote omitted). It explained that "[a] district court's ability to dismiss a habeas petition *sua sponte* as an initial matter (after giving the petitioner notice and adequate opportunity to be heard) does not amount to a power to cure *sua sponte* a party's waiver of an affirmative defense." *Id.* (citations and footnote omitted). Thus, the court concluded that "the district court's *sua sponte* dismissal after it ordered respondent to answer and after respondent answered was not a dismissal as an initial matter. Instead, it was an impermissible curing of the respondent's waiver." *Id.* (footnote omitted).

This case presents the same rare and unusual situation where the court *sua sponte* dismissed a habeas petition on statute of limitations grounds after the respon-

dent had waived the statute of limitations defense. The court's *sua sponte* dismissal was not a preliminary matter and, therefore, it erred by *sua sponte* correcting respondent's waiver by dismissing Steele's petition as time-barred.

For the foregoing reasons, the district court's decision is REVERSED and the case is REMANDED for consideration of the merits of Steele's habeas petition. In light of this remand order, there is no need to discuss Steele's other arguments against the application of the § 2244(d) statute of limitations.