**Jonathan HARWELL, Petitioner–Appellant,**

v.

**George MILLION, Respondent–Appellee.**

**No. 02–5498.**

United States Court of Appeals, Sixth Circuit.

Aug. 4, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and JORDAN, District Judge.*

### ORDER

Jonathan Harwell, a Kentucky prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 22, 1996, Harwell pled guilty to first degree manslaughter and first degree robbery. Harwell was sentenced to serve twenty years of imprisonment for each offense, to run consecutively. Harwell did not pursue a direct appeal of his convictions.

On November 10, 1997, Harwell filed a post-conviction motion to vacate, set aside, or correct judgment, which the trial court denied on March 2, 1998. The Kentucky Court of Appeals affirmed the denial of post-conviction relief on July 2, 1999. On March 15, 2000, the Kentucky Supreme Court denied Harwell's motion for discretionary review.

In his § 2254 habeas corpus petition, signed on May 22, 2000, and filed on May 31, 2000, Harwell raised the following two grounds for relief: 1) his guilty plea "was not made voluntarily, or intelligently, with understanding of the nature of the charge and the consequences of the plea;" and 2) he was denied effective assistance of trial counsel. A magistrate judge filed findings of fact and conclusions of law pursuant to which he recommended dismissal of the petition as barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations. Over Harwell's objections, the district court accepted the magistrate judge's findings of fact, conclusions of law, and recommendation, dismissed Harwell's habeas corpus petition, and denied a certificate of appealability.

Harwell filed a notice of appeal and an application for a certificate of appealability. Upon consideration of Harwell's request for a certificate of appealability, this court granted a certificate of appealability with respect to the following issue: "whether the petition for a writ of habeas corpus may be deemed time-barred under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), in light of the state's failure to assert such affirmative defense in response to the petition." The certified issue has now been fully briefed by the parties.

We review de novo the district court's disposition of a habeas corpus petition. *Cook v. Stegall,* 295 F.3d 517, 519 (6th Cir.2002); *Payton v. Brigano,* 256 F.3d 405, 407–08 (6th Cir.2001). Because Harwell's habeas corpus petition was filed af-

---

* The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

ter the effective date of the AEDPA, this court's review of the case is governed by the AEDPA's provisions. *See Mason v. Mitchell,* 320 F.3d 604, 613 (6th Cir.2003).

The parties concede the untimeliness of Harwell's habeas corpus petition. The only question presented in this case is whether the state waived the statute of limitations defense by failing to assert it in its answer to Harwell's petition. The record indicates that, in response to Harwell's habeas corpus petition, the state filed a motion to dismiss, in which it asserted that the claims raised in Harwell's petition had been procedurally defaulted. The state did not argue that the claims raised in Harwell's petition were time-barred. Following the denial of its motion to dismiss, the state filed an answer to Harwell's petition, in which the statute of limitations was, once again, not asserted as a defense. Instead, under the heading "Affirmative Defenses," the state simply asserted that "[t]he claims in the petition have been procedurally defaulted."

The magistrate judge subsequently filed an order, in which he stated that "[t]he Court, on its own motion, directs the parties to file supplemental legal memoranda to address the question of what impact the AEDPA's new one-year statute of limitations may have on [Harwell's] action." After the parties filed their respective memoranda, the magistrate judge filed a report recommending dismissal of the petition as time-barred. Over Harwell's objections, the district court accepted the magistrate judge's report and recommendation and dismissed the petition.

Upon review, we vacate the district court's judgment dismissing Harwell's habeas corpus petition as untimely and remand for further proceedings. The one-year statute of limitations found in § 2244(d) is an affirmative defense that the state may waive by failing to raise it in the first responsive pleading to a petition for a writ of habeas corpus. *Scott v. Collins,* 286 F.3d 923, 927–28 (6th Cir.2002). Furthermore, a district court may not sua sponte raise the statute of limitations defense and dismiss a habeas corpus petition on that ground after the district court "orders a respondent to file an answer or take other appropriate action." *Id.* at 930. Where a district court dismisses a habeas corpus petition as time-barred, after the respondent has been ordered to file an answer and has so answered without asserting the statute of limitations defense, the district court's dismissal constitutes "an impermissible curing of the respondent's waiver." *Id.*

■ In this case, the state did not assert the statute of limitations as an affirmative defense in the first responsive pleading to Harwell's habeas corpus petition. In fact, prior to the magistrate judge's order to address the statute of limitations issue, the state had filed a motion to dismiss the petition and an answer and neither pleading asserted the statute of limitations defense. It was only after the magistrate judge ordered the parties to brief the statute of limitations issue that the state asserted the statute of limitations defense. Under these circumstances, the state waived the statute of limitations defense by failing to plead it at the first opportunity to do so. *See id.* at 927–28.

■ Moreover, the district court's reliance upon the statute of limitations as the sole basis for dismissing Harwell's habeas corpus petition constituted "an impermissible curing of the [state's] waiver" of the statute of limitations defense. *See id.* at 930. Although the district court may sua sponte dismiss a habeas corpus petition on statute of limitations grounds as an initial matter, "that ability expires when the judge orders a respondent to file an answer or take other appropriate action."

*Id.* at 930. Because an answer and other responsive pleading had been filed by the state, the district court could not raise the statute of limitations defense on its own motion. *See id.* Therefore, the district court improperly dismissed Harwell's habeas corpus petition on statute of limitations grounds. *See id.*

Accordingly, the district court's judgment is vacated and this case is remanded to the district court for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.