**Myron ARMSTRONG, III,**
Petitioner–Appellant,

v.

**UNITED STATES of America,**
Respondent–Appellee.

No. 03–5257.

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2004.

Myron Armstrong, III, Forrest City, AR, pro se.

Sunny A. Koshy, Asst. U.S. Attorney, Terry J. Haycox, Asst. U.S. Attorney, U.S. Attorney's Office, Nashville, TN, for Respondent–Appellee.

Before SILER, MOORE, and COLE, Circuit Judges.

### ORDER

Myron Armstrong. III, a pro se federal prisoner, appeals a district court judgment dismissing his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 3, 2001, the district court entered judgment against Armstrong on his guilty plea to continuing criminal enterprise, conspiracy to commit money laundering, and two criminal forfeitures. He was sentenced to 240 months in prison. Armstrong filed, then voluntarily dismissed, a direct criminal appeal. This court entered an order of dismissal on November 8, 2001, in Case No. 01–5947.

On July 3, 2002, Armstrong filed the instant motion to vacate, asserting that counsel rendered ineffective assistance by not objecting to the government's breach of the plea agreement. On October 11, 2002, Armstrong filed a document captioned "SUPPLEMENT TO 2255 MOTION," additionally asserting that counsel was ineffective for not reporting assaultive behavior by an Assistant United States Attorney. The government filed a re-

sponse ten days later. In considering the pleadings, the district court concluded that the first claim lacked merit, and that while Armstrong was entitled to amend his petition as a matter of right before a responsive pleading was filed, the second claim was nonetheless untimely. This court issued a certificate of appealability as to whether the district court erred by concluding that the amendment to the motion to vacate did not "relate back" so as to be timely filed.

On appeal, Armstrong reasserts the certified issue.

To obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir.1999).

Upon review, we conclude that the district court erred by sua sponte dismissing the second claim as untimely. Under the Antiterrorism and Effective Death Penalty Act, a federal prisoner has one year from the date on which his judgment becomes final to file a § 2255 motion. *See* 28 U.S.C. § 2255. This one-year statute of limitations is an affirmative defense that the government may waive by failing to raise it in the first responsive pleading to a motion to vacate. *Oleson v. United States,* 27 Fed.Appx. 566, 570 (6th Cir.2001); *see also Scott v. Collins,* 286 F.3d 923, 927–28 (6th Cir.2002) (holding that statute of limitations in 28 U.S.C. § 2244(d) is an affirmative defense); *Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir.2001) (holding that statute of limitations in § 2255 is not a jurisdictional bar). A district court may not sua sponte raise the statute of limitations defense and dismiss a motion to vacate on that ground after ordering the government to file a responsive pleading.

*See Scott,* 286 F.3d at 930. Where a district court does so, the district court's dismissal constitutes an impermissible curing of the government's waiver. *See id.*

In the instant case, the government did not argue in its response that Armstrong's amendment was untimely. Thus, the district court's sua sponte dismissal on this basis constituted an impermissible curing of the government's waiver.

Alternatively, we conclude that Armstrong's amendment was timely. Armstrong's amendment of October 11, 2002, was clearly filed less than one year after this court entered its order dismissing Armstrong's appeal on November 8, 2001. Thus, the district court should have considered Armstrong's second claim on the merits.

Accordingly, the district court's judgment is vacated in part and the action remanded for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.