FILED
United States Court of Appeals
Tenth Circuit

May 14, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MICHAEL TERRELL WHEELER,

Petitioner - Appellant,

v.

JAMES FALK; JOHN SUTHERS, THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents - Appellees.

No. 14-1062
(D. Colorado)
(D.C. No. 1:13-CV-02006-LTB)

---

ORDER*

---

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

---

In this habeas action, the district court denied relief on the ground that the

action was time-barred.  The Petitioner appeals, but does not challenge the district

court's conclusion that the petition was late.  Instead, he argues that the State

waived a timeliness defense.

The Petitioner can pursue the appeal only if a judge grants a certificate of

appealability.  28 U.S.C. § 2253(c)(1)(A).  We can issue this certificate only if the

---

* This order does not constitute precedent except under the doctrines of law
of the case, res judicata, and collateral estoppel.  10th Cir. R. 32.1(A).

Petitioner's appeal on the timeliness ruling is at least reasonably debatable. *Laurson v. Leyba*, 507 F.3d 1230, *passim* (10th Cir. 2007). We conclude the ruling is not reasonably debatable; thus, we decline to issue a certificate of appealability.

The State did not waive a limitations defense. Instead, it failed to file a timely response. The district court pointed out the failure to timely respond and again ordered a response. This time, the State complied with the order and argued that the habeas action was untimely.

The State's lapse was not commendable, but did not constitute a waiver. A limitations defense is waived when it is intentionally relinquished by the State. *Wood v. Milyard*, __ U.S. __, 132 S. Ct. 1826, 1835 (2012). That is not what took place here. The State was slow to respond; but when it did, it raised the limitations defense.

Mr. Wheeler relies on *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002), for the proposition that the "[f]ailure to raise an affirmative defense in a responsive pleading constitutes a waiver." Appellant's Opening Br. at 2. *Scott* was abrogated in *Day v. McDonough*, 547 U.S. 198, 205 (2006). There the Supreme Court held "that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day*, 547 U.S. at 209. Under *Day*, the district court could address timeliness *sua sponte*.

2

In these circumstances, no reasonable jurist could conclude that the State waived a limitations defense.  *Cf. Stines v. Martin*, 849 F.2d 1323, 1324-25 (10th Cir. 1988) (reversing a grant of habeas relief based on the government's three-week delay in responding to the habeas petition).  Thus, we decline to issue a certificate of appealability.  And without the certificate, we must dismiss the appeal.

The Petitioner has also asked for leave to proceed *in forma pauperis*.  He lacks the money to pay the filing fee.  Thus, we grant his request for leave to proceed *in forma pauperis*.

Entered for the Court


Robert E. Bacharach
Circuit Judge